# THE TEXAS AND PACIFIC RAILWAY vs. A. L. DeMILLEY.

SUPREME COURT, TYLER TERM, 1883.

*Railway—Negligence—Evidence.*—The immediate cause of the injury to a passenger was alleged to be a broken rail, which had been in that condition for some time prior to the injury.

That the proof must correspond to the allegations, is well settled, but it is not perceived that the rule was violated in this case, for the immediate cause of the injury was proven as alleged by the witnesses for both parties, and the proof as to the bad condition of the road, prior and subsequent to the injury, all of which was alleged, was introduced for the sole purpose of showing a gross degree of negligence, and a wilful disregard for the safety of passengers by appellant, for the purpose of receiving exemplary damages.

Appeal from Harrison County.

*James Turner* for appellant.

*Sexton & Stedman* for appellant.

Opinion by Stayton, J.

The application for removal from the State to the Federal Court was based upon the act of July 27, 1868, and it is not claimed that the right to remove existed, under any other of the removal acts. The application is in all material respects, the same is in case of the T. & P. R'y Co., vs. McAllister decided at the last Austin Term of this court. 2 Tex. Law Rept. p 1.

In that case it was held that the application for removal was insufficient and we now see no reason to change the ruling, or to doubt its correctness, and without again giving the reasons for the holding, upon the reasons given in that case, we held, that the application in this case is insufficient to authorize the removal of the cause to the United States Court. The injury to the appellee was caused by a broken rail, and this was alleged in the petitions and verified by the evidence of both parties. The petition also contained averments that the track of the appellants was in a bad condition at the time and place where the injury was inflicted, and for some distance on each side of that place, from which the cars were thrown from the track. That the road was unsafe, and for a long time prior to the injury was known to be so to the appellants, who notwithstanding such knowledge, with a conscious and criminal indifference to the safety of persons, continued to run its trains without repairing its road, and that it failed to employ the necessary force to put its road in proper

order. The petition charged defects in the road which made its use dangerous, and alleged that the continuance of such condition, and the dangers resulting therefrom, was such gross negligence, as entitled the appellee to recover exemplary damages. The evidence relating to the allegations was conflicting, but there was evidence strongly tending to support them.

On the trial, after proof had been made of the manner in which the cars were thrown from the track, two witnesses were permitted to state the general condition of the road in the vicinity of the place where the injury occurred, and to specify other defects in the road other than that from which the injury directly resulted, and they were also permitted to state the length of time such defects had existed, prior to the injury.

This is assigned as error, and it is insisted that the evidence should have been restricted to such defects in the road as was the immediate cause of the injury, and this upon the theory, that the proof must correspond with the allegations.

The immediate cause of the injury was alleged to be a broken rail, which had been in that condition for some time prior to the injury.

That the proof must correspond to the allegations, is well settled, but it is not perceived that the rule was violated in this case, for the immediate cause of the injury was proven as alleged by the witnesses for both parties, and the proof as to the bad condition of the road, all of which was alleged, was introduced for the sole purpose of showing a gross degree of negligence, and a wilful disregard for the safety of passengers by appellant, for the purpose of receiving exemplary damages.

For the purpose of showing that the defect from which the injury resulted was negligently permitted to remain, and that due care was not taken to keep the road in good order, evidence as to the general bad condition of the road, at and about the place where the injury occurred, for some time prior thereto was certainly admissable; as was it to show knowledge to the appellant of such defects, and its indisposition promptly to remedy them.

While a single defect might escape the observation of even a careful man, and be therefore but evidence of slight neglect, yet if defects were numerous and patent, their existence, if continued for any considerable time, would be evidence of gross neglect, weak or strong, in the proportion to the number and character of defects, the

length of time they had continued, and their openness to observation, when considered with reference to the risk resulting to passengers from their existence, for all persons are presumed to know the general condition of their property, by the use of which, in their busines other persons may be endangered.

The general dangerous condition of a railway is a fact to which a jury may look, for the purpose of not only ascertaining the degree of care used by the owner, but also for the purpose of showing the indifference of the owner to the safety of those whom it undertakes to transport.

Where a party is sued for damages flowing from a specified negligent act, it is ordinarily irrevelant to prove other similar, but disconnected acts.

But, where a party is charged with the negligent use of a dangerous agency, and where the case against him is, that he did not use care proportionate to the danger, then the question becomes material whether he knew, or ought to have known, the extent of the danger, and would have made it his duty to take precautions, which would if faithfully applied, have prevented the injury sued for.

Thus, in an action for injuries sustained from a car running off the track, evidence has been received to prove seven or eight runnings off of the track on the same road, by the same train of cars in the previous month. Wharton's Law of Evidence, 41; Mobile R. R. vs Aschcroft, 48 Ala. 15; Indianapolis R. R. Co., vs. Wart, 93 U. S. 391; Fancett vs. Nichols, 64 N. Y. 384; Grand Trunk R. R. Co., vs. Richardson et al, 91 M. S. 454; Bankley vs. Leonard, 4 Denio 50; Keenan vs. Hayden, 39 Wis. 560; Stephen's Dig. of Law of Evidence part 1st Chap. 3 Arts. 11–12 and notes.

Knowledge, however, must usually be proved indirectly from facts by which notice to the party can be inferred, and hence, within well established limits, evidence of overt acts of the same class as that under investigation, is admissable for the purpose of proving *scienter*, or *intent* or of negativing accident. Wharton's Law of Negligence, 30.

The purpose for which the evidence in this cause was admitted is shown by the bill of exceptions, to have been to sustain the appellee's claim for exemplary damages. To sustain that claim it became important to establish against the appellants, not simply that it was negligence, but that the injury resulted from its gross negligence.

If it appeared that the condition of the road, at and about the place of the injury, was such as could not have escaped the observation of a person operating machinery so dangerous as railways operate, if in good faith and with due care it was intending to to discharge its duty to the public, then upon the question of knowledge of the unsafe condition of the road by the company, which was a pertinent inquiry upon the question of exemplary damages, the jury might look to all the facts so intimately connected, for the purpose of determining whether the appellant knew or ought to have known of the dangerous condition of its road, and the jury might also look to the time during which the road in that vicinity had been in bad order, as well as to the failure of the company to employ the necessary labor to put the road in good condition, for the purpose of ascertaining whether or not the injury resulted from the indifference of the company to the safety of the passengers; for if it knew of the defects, and operated the road indifferent to the danger to passengers resulting therefrom, then just such a state of facts was shown, as would have subjected the road to exemplary damages. There was no conflict in the evidence, as to the cause of the injury, the only conflict was as to whether or not the existence of that cause resulted from the negligence of appellants, and the degree of that negligence. Bearing, as the evidence did, upon this question of negligence, upon the knowledge of appellant of the condition of its road, and of the animus of the appellant, elements in claim for exemplary damages, which could perhaps be more fully illustrated by the management and condition of the road in the vicinity than otherwise, it was admissible, and the fact that the jury gave no exemplary damages cannot change the rule.

In the attitude of the present case, it becomes necessary for us to determine whether or not the evidence objected to would have been admissible to establish a claim for actual damages, but such evidence would seem to be admissible in all cases where the defense is that the injury resulted from accident. Wharton's Law of Evidence 38; Faucett vs. Nichols, 64 N. Y. 377.

The third assignment of error relates to the admission of the testimony of the witness Taylor and others to the effect that the same train on which appellee was injured was near the same place, on the same day, again thrown from the track by a broken rail. This testimony, as that before referred to, was admissible for the same reas-

ons. The fourth assighment of error relates to the rejection of the evidence of the witnesses House, Magness, Smith, and McGraw. The bill of exceptions show that the appellant for the purpose of rebutting testimony offered by the apppellee, to the effect, that the rail, from which the injury resulted, had been broken ten or fifteen days, sought the opinion of these witnesses as to what could have been the effect upon passing trains, if the rail in question had not only been broken, but had in fact been removed from the track. The testimony was objected to, as the judge who tried the cause states in the bill of exceptions, because there was no proof sustaining the hypothesis upon which the opinions were sought. Such being the case, and we must take the statement of the judge to be true, there was no error in excluding the evidence, for if the opinion of a witness is sought, such opinion, to be of any value, must be based upon facts in the case.

It is claimed that counsel objecting to the evidence gave no reason for the rejection. This is in conflict with the statement of the judge explanatory of the bill of exceptions, but if true, it is not perceived that such fact could benefit the appellant.

It is encumbent upon a party who complains of the rejection of testimony, to show the ground of rejection,and if the record be silent upon that subject, the presumption would be in favor of the correctness of the ruling of the court, tried by the judge, who finds that no such question was put to the jurors, and this finding corresponds with the statement of the judge made from his own memory in signing the bill of exceptions.

If the ruling of the judge be one which this court would revise, the record in this case does not bear such conclusive evidence of an erroneous finding by the judge in this respect, as to justify this court in setting it aside. It rests with those who seek information upon which to base a challenge, for cause, to ask the necessary and proper questions. The verdict of the jury is large ($4000),but not so large as to justify this court in setting it aside, upon the ground that it is excessive.

Under the evidence we cannot say that the verdict is aught than one honest, conscientious, and impartial estimate by the jury of the damage actually sustained by the appellee.

The charge of the court presents the question of negligence fairly to the jury.

The court instructed the jury as to the duty of a railway company to construct its road with good and suitable material, and to maintain it in good order, and informed the jury that a failure to do so was negligence.

This was not an invasion of the province of the jury, for the whole question as to the condition of the road, was left to the finding of the jury.

The record presents no cause requiring the reversal of the judgment and it is affirmed.