(57 App. Div. 372.)

SONN et al. v. SMITH.

(Supreme Court, Appellate Division, Third Department. January 24, 1901.)

CARRIERS—DRAYMAN—ERRONEOUS DELIVERY.

Plaintiffs shipped a barrel of whisky by rail to a woman whose husband owned a saloon. Defendant, a drayman, received the freight bill and the whisky from the railroad company, and, without making any inquiry as to where it should be delivered, put the whisky in the cellar under the husband's saloon, where he kept his liquors, and it was used in the saloon. Defendant did not see the woman when he left the whisky, but saw her husband or the bartender. The woman had nothing to do with the saloon, did not order the whisky, and knew nothing of the transaction until a draft for the amount of the bill for the whisky was presented to her, when she refused to pay it. Mail directed to her and groceries used in cooking by her were delivered in the saloon. On her refusal to pay the draft, plaintiffs sued defendant for conversion of the liquor. *Held*, that the evidence did not justify submitting the question whether defendant delivered the whisky to the woman, to the jury, or uphold a verdict in his favor, since every bailee is bound at his peril to know that the person to whom he delivers the chattel is the proper person, and the facts do not warrant the conclusion that the husband or bartender had authority to receive it for her.

Appeal from trial term, Tompkins county.

Action by Henry Sonn and another against Charles A. Smith for conversion. From a judgment in favor of defendant, and from an order denying plaintiffs' motion for a new trial, they appeal. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, SMITH, and CHASE, JJ.

M. N. Tompkins, for appellants.
Charles H. Blood, for respondent.

CHASE, J. The plaintiffs are co-partners, doing a wholesale liquor business in the city of New York. One Lewis was employed by plaintiffs in soliciting orders for whisky, and sent such orders to plaintiffs every month. The plaintiffs received from Lewis an order of Mrs. Felix Zinck for one barrel of Old Cabinet whisky, and on the 2d day of June, 1897, they shipped and consigned the said whisky, by the Delaware, Lackawanna & Western Railroad Company, to Mrs. Felix Zinck, Ithaca, N. Y. The barrel of whisky arrived at the freight house of the railroad company in Ithaca on the 4th day of June, and the agent of the railroad company put the freight bill in a pigeon hole, he maintained, bearing the name of the defendant, and to which the defendant had access. Felix Zinck and his wife lived together in Ithaca, and Mr. Zinck owned and conducted a saloon, which was situated on the first floor. Under the saloon was a cellar, with a door opening in the rear of the building, and over the saloon was a public dining room, connected with the saloon by a dumb waiter. The living rooms of Mr. and Mrs. Zinck were on the second floor of an adjoining building, and were connected by a door with the public dining room, and had a separate entrance from the street. Mrs. Felix Zinck had nothing to do with the saloon business, and very seldom entered the saloon. The defendant is a drayman in the city of Ithaca, and one of

his employés, while engaged in the regular course of the business of the defendant, took the freight bill from the pigeon hole, and thereupon took from the railroad company the barrel of whisky, and, without making any inquiry as to where it should be delivered, put it in the Felix Zinck cellar by way of the rear entrance, and at the place where Mr. Zinck kept his beer. He did not see Mrs. Zinck, but at the time of such delivery saw either Mr. Zinck or the bartender. The bill for freight was paid by the defendant to the railroad company. The whisky was used by Mr. Zinck in his saloon. It does not affirmatively appear who ordered the whisky, but Mrs. Zinck never saw Lewis, the salesman, and never ordered the whisky, and never knew of its delivery. Plaintiffs, at the time they shipped the whisky, mailed a bill to Mrs. Zinck, and on the 11th day of April, 1898, mailed her a letter calling her attention to the bill, and saying that, unless they heard from her by April 18th, they would make a draft for the amount of the bill. Mrs. Zinck denies ever receiving the bill or the letter. Subsequently plaintiffs made a draft on Mrs. Felix Zinck for the amount of the bill, and it was presented to her, and she refused to pay it. Mrs. Zinck did not know anything about the transaction until the draft was presented. After demand this action was brought against the defendant for conversion.

Every bailee is bound, at his peril, to know that the person to whom he delivers the chattel is the proper person to receive it, and, if he delivers it to the wrong person, though acting in perfect good faith, he is nevertheless liable for its conversion. 3 Am. & Eng. Enc. Law (2d Ed.) p. 754. At the close of the trial plaintiffs asked the court to direct the jury to find a verdict in their favor, which was denied. The court, in submitting the case to the jury, used this language:

"The single question which the court submits to the jury is as to whether there was a delivery of the barrel of whisky by defendant to Mrs. Felix Zinck. Concededly the barrel of whisky was addressed to Mrs. Felix Zinck, and the plaintiff had a right to have the barrel delivered to whom it was directed, and, as I say, the important question in the case is whether this barrel of whisky was delivered to Mrs. Felix Zinck or to her duly-authorized agent. If it was, then the plaintiffs have no cause of action, but if it was not delivered by the defendant to Mrs. Felix Zinck, then the plaintiffs have a cause of action, and are entitled to recover the value of the whisky."

The law was correctly stated by the court, but there was no evidence to justify the submission to the jury of the question of fact, or to uphold the verdict in favor of the defendant. The respondent contends that, in addition to the facts stated, it was shown on the trial that Mrs. Zinck sometimes waited on guests in the public dining room with liquors sent up from the saloon, and that mail directed to Mrs. Zinck and groceries used in cooking by her were delivered in the saloon, and sent up to her through the dumb waiter, and that this justified the court in submitting the case to the jury. If the defendant had shown that it was the custom of draymen to deliver to Felix Zinck or his barkeeper whisky and beer consigned to Mrs. Felix Zinck, and that Mrs. Zinck had knowledge of such deliveries, a question of fact as to the delivery of the whisky would have been presented for the jury to determine, notwithstanding her denial of authority in them to receive whisky so consigned to her. The delivery of mail and groceries, as

stated, is not, in itself, any evidence to justify the conclusion of the jury that Mr. Zinck was the duly-authorized agent of Mrs. Zinck to receive the whisky. The evidence presented on this trial would not be sufficient to charge Mrs. Zinck in an action against her for the value of the whisky, and is not sufficient to sustain the verdict in this action. Judgment and order reversed, and a new trial granted, costs to appellants to abide the event. All concur.