## LEACH v. HUGHES.

(Supreme Court, Appellate Term. November 10, 1911.)

1. CUSTOMS AND USAGES (§ 12*)—LOCAL CUSTOM—APPLICABILITY—KNOWL-EDGE OF PARTIES.

A trade custom that, where vessels are hired out for an indefinite period, they must be returned to the owner within a reasonable time after he makes demand, or the charterer must pay the reasonable market value for the use thereof, though the sum is in excess of the amount fixed in the charter, is a local custom; and an owner, chartering a vessel for an indefinite period, must show that the charterer had knowledge of it, in order to bind him thereby, though all are presumed to know general customs.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§ 23, 24; Dec. Dig. § 12.*]

2. SHIPPING (§ 40*)—CHARTER PARTY—CONSTRUCTION.

The right of a charterer of a vessel for an indefinite period, but for at least one trip, to use the vessel for a single trip, cannot be cut off by notice from the owner for the return of the vessel within a specified time, under penalty to pay the market value of the use thereof, so as to justify charging the charterer the difference between the charter price and the market value of the use of the vessel; and in the absence of any negligence of the charterer he need not return the vessel until he has made one complete trip.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 40.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John F. Leach against James Hughes. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before SEABURY, GUY, and COHALAN, JJ.

Martin A. Ryan, for appellant.
Black, Varian, Bigelow & Somers, for respondent.

SEABURY, J. The complaint alleges that the plaintiff chartered two boats to the defendant for an indefinite time, and the third one for a definite time; that he subsequently gave defendant notice, requesting the return of each of his boats within 60 days, or, if the defendant did not return them, he should pay the market value thereof; that defendant failed either to return the boats or pay the market value thereof from the time in excess of 10 days for which he held them, to the plaintiff's damage of $381. The defendant claimed that each of the boats was chartered for a trip, and that he returned them after they had been used for one trip, and that the plaintiff had been paid in full.

In support of his cause of action the plaintiff attempted to prove that there is a custom in the trade that when boats are hired out for an indefinite period, without any time being specified for their return, they must be returned to the owner within a reasonable time after the owner makes demand, and, if not so returned, the charterer must pay the reasonable market value for the use of the boats, even though that sum is in excess of the amount for which they were originally chartered. The plaintiff also proved that the boats were chartered for an

indefinite period, and that two of the boats were chartered on February 27, 1909, and that one of them was chartered on March 9, 1909. On March 12th the plaintiff demanded the return of the two boats chartered on February 27th, and on March 29th he demanded the return of the boat chartered on March 9th. In each case the demand was for the return of the boat within 10 days. The defendant kept two of the boats for 33 days and one of them for 52 days, but made only one trip with each boat, and returned each boat as soon as it "got light." Two of the boats were chartered for $3 per day and one of them for $5 per day. These amounts the defendant paid to the plaintiff, and the plaintiff has recovered a judgment for the difference between the original charter price and the market value of the boats after the service of the demand. The defendant testified that each of these boats were chartered for a trip. If, however, we accept as correct the testimony of the plaintiff on this subject, it appears that the boats were chartered for an indefinite time.

[1] The attempt of the plaintiff to prove a trade custom that, where there is no specified time fixed for the return of a boat, it is to be returned within a reasonable time after demand, regardless of the fact that the boat has not completed a single trip, was not successful. While all are presumed to know the general customs of the land, there is no such presumption as to particular usages of various trades and localities. 27 Am. & Eng. Ency. of Law, p. 743. The alleged custom which the plaintiff endeavored to establish was a local trade custom, and as such it was incumbent upon him to show that the defendant had knowledge or notice of its existence. As was said in Walls v. Bailey, 49 N. Y. 464, 10 Am. Rep. 407:

"For a party to be bound by a local usage, or a usage of a particular trade or profession, he must be shown to have knowledge or notice of its existence."

See Booth Bros. et al. v. Baird, 87 Hun, 452, 34 N. Y. Supp. 392.

The evidence which the plaintiff adduced was insufficient to establish such a local trade custom as he claimed to exist. If, however, we should assume the evidence as to the existence of the custom to be sufficient, the parties in this case cannot be presumed to have contracted in reference to it, in view of the plaintiff's failure to prove that the defendant had knowledge or notice of its existence.

[2] The case of the plaintiff, therefore, rests solely upon his testimony that the boats were chartered to the defendant for an indefinite period. We think that the reasonable intent of the charter contemplated at least one trip, and that in the absence of any fault or negligence on the part of the defendant he was not obligated to return the boats until they had made one complete trip. Straits of Dover Steamship Company v. Munson (D. C.) 95 Fed. 690. The right of the defendant to use the boats under the charter for a single trip could not be cut off by the notice and demand which the plaintiff served on the defendant, and such a notice or demand did not justify charging the defendant for the difference between the charter price and the market value of the boats.

It follows that the judgment should be reversed, and the complaint dismissed, with costs to the appellant. All concur.