ALVIN H. BAER & another *vs.* H. B. SLATER.

Suffolk.    March 11, 1927. — October 20, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Bailment.   Conversion.   Agency*, Rights of principal against agent.

At the trial of an action of tort for conversion, it appeared that the plaintiff
employed the defendant as a salesman on commission, and shipped to
him for sale merchandise which the defendant kept in his place of
business; that, in response to an order by the plaintiff to return goods
by express, the defendant delivered the goods to one whom he believed
to be a driver for an express company and who wore a cap, badge and
blouse such as were worn by such drivers; and received a receipt from
him signed in the express company's book in the defendant's possession.
The driver was an impostor, and the goods were lost. *Held*, that a
finding for the plaintiff was warranted, neither a sincere and apparently
well founded belief on the part of the defendant that his delivery was
proper, nor the exercise of care, being a defence.

CONTRACT OR TORT, with a declaration in two counts, the
first count being upon an account annexed for $870.25 for "1
Lot of Sample Dresses," and the second count being for the
conversion of the dresses.    Writ in the Municipal Court of
the City of Boston dated September 29, 1924.

Material facts appearing in the Municipal Court are stated
in the opinion.    The judge found for the plaintiff in tort in
the sum of $671.55, and reported the action to the Appellate
Division.    The report was dismissed.    The defendant ap-
pealed.

*J. Nelson & D. Lasker*, for the defendant submitted a
brief.

*H. G. Jackson*, for the plaintiffs.

BRALEY, J.    It was undisputed that the plaintiffs em-
ployed the defendant as a salesman on commission, to whom
they shipped merchandise for sale which he received and
kept in his place of business, and that the plaintiffs sometime
in January, 1924, directed the defendant to return the mer-
chandise to them by express.    In accordance with the order
to reship, the defendant, whose place of business was in

Boston, packed the merchandise in several bundles which he addressed to the plaintiffs, who were located in New York, and on February 16, 1924, "a man came onto the floor in the building . . . and called out, 'American Express.'" The defendant called this man, who wore a cap, badge and blouse similar to those worn by drivers of the American Railway Express Company, into his office, and delivered to him the merchandise in question. A receipt book had been furnished the defendant by the express company and he had used it for a number of years, and the man signed in it a receipt for the merchandise in the name of "O'Connor." The defendant had seen him similarly clad prior to the time when the shipment was made, and he "believed that he was delivering the packages in the usual way to an agent of the American Express Company." The defendant also sent the receipt to the plaintiffs and gave a copy to the express company. In connection with this testimony there was evidence tending to show, and it could be warrantably found, that the apparent driver was not at the time an employee of the express company, but an impostor who in the manner just described obtained possession of the merchandise, which he purloined. The trial judge on the evidence was justified in finding, that the party to whom the goods were delivered was not the servant or agent of the American Railway Express Company, "and that said goods were not delivered to the said express company."

The title was in the plaintiffs, who had the right to demand a return of the merchandise in accordance with their directions, and, if such directions were not complied with, and the merchandise was thereby lost, the defendant would be liable for conversion. *Murray* v. *Postal Telegraph-Cable Co.* 210 Mass. 188, 195. It is contended, however, by the defendant, that he was a gratuitous bailee, and that, in the absence of bad faith or of gross negligence, of which there is no evidence, the action cannot be maintained. The plaintiffs directed that the merchandise should be returned "by express," and no contention is made by them that delivery for transportation to an employee of the American Railway Express Company would not have been a sufficient compli-

ance with their order. But the defendant, while intending to make, and believing that he had made, delivery to the express company, in fact gave possession of the merchandise to a stranger. "A delivery to an unauthorized person is as much a conversion as would be a sale of the property, or an appropriation of it to the bailee's own use. In such cases neither a sincere and apparently well founded belief that the tortious act was right, nor the exercise of any degree of care, constitutes a defence even to a gratuitous bailee." *Hall* v. *Boston & Worcester Railroad,* 14 Allen, 439, 443. *Jenkins* v. *Bacon,* 111 Mass. 373, 376. *Murray* v. *Postal Telegraph-Cable Co., supra.*

The defendant's requests, which in variant form asked for rulings that there was no proof of conversion, that there had been a delivery to the express company, and that the defendant cannot be held liable if he used ordinary care, having been denied rightly, the order of the Appellate Division dismissing the report, is

*Affirmed.*