Briggs, J.
This is an action of tort in which the plaintiff seeks to recover damages for the loss of her automobile *298 which was parked in the open air parking space maintained by the defendant on Tremont Street, Boston.
The defendant duly requested the following rulings, which were refused:'
1. The evidence is insufficient as a matter of law to warrant a finding for the plaintiff.
2. There is sufficient evidence to warrant a finding as a matter of law that the defendant was in the exercise of due care.
5. In the circumstances here disclosed the defendant exercised due care in the custody of the plaintiff ’s vehicle and is not liable for the damages suffered by the plaintiff due to causes over which the defendant had no control.
6. It is competent in defense of this action to show the defendant exercised the same degree of care in relation to the vehicle that is usually exercised in the same vicinity by other parking lot operators.
7. The plaintiff is bound by the written terms contained in the contract of bailment.
8. If the plaintiff received a ticket when the car was left with the defendant and said ticket contained the term of the bailment plaintiff is bound by said terms and cannot recover in this action.
The Court could have found from evidence disclosed by the report that the plaintiff had been using this parking lot daily for about three months; that when she first started to use it the attendant gave her a ticket and put a corresponding part thereof on her windshield; that when he got to know her he gave no ticket to her, but still left one on the windshield of her car; that during this period of three months no one other than the plaintiff had called for the ear.
On the morning of December 21,1936, the plaintiff drove her car to the parldng space, paid her fee to the attendant, left her keys in the automobile in order that it might be moved; and the attendant placed a ticket on the windshield. *299 When she went for her ear in the late afternoon the car was not there, and has not been recovered.
It appeared that at about 4:30 of the day in question a man called for the plaintiff’s car and presented the ticket which the attendant said he had given to the plaintiff in the morning, and that as a result of a conversation with the party the attendant permitted the man to take the automobile from the parking space.
The Court found for the plaintiff and from conflicting evidence found that the attendant gave no identifying ticket to the plaintiff as contended by him. There is no evidence that the printed matter on the ticket was ever read by the plaintiff or brought to her attention, as contended by the defendant, nor that she knew or should have known of any terms of limitation or conditions thereon. It follows that there was no error in the refusal of requests numbered “7” and “8.” Nothing is disclosed by the report relative to the 6th request. It is treated as waived.
The evidence reported clearly shows a bailment for hire. The contract need not be expressed, it may be implied, and its terms or scope may be ascertained from the acts of the parties in the light of attendant circumstances and usage. In a contract for a bailment there is an implied promise on the part of the bailee to return the property to the owner or to one authorized by him at the termination of the bailment. It is recognized that a car owner pays a parking fee to avoid the hazards of damage and loss, and is entitled to the return of bailed property upon demand.
Whether liability for misdelivery to one presenting the original token is absolute or dependent on negligence would seem to depend upon the construction of such a contract, and is apparently not settled.
It has been held that the delivery of the bailed property to one other than the bailor or owner in violaition of the *300 terms of the bailment and in derogation of the bailor’s right to possession is of itself a conversion for which the law imposes an absolute liability upon the bailee for loss occasioned thereby, irrespective of the fact that he may have acted without negligence and even though the misdelivery was induced by fraud. Murray vs. Postal Telegraph Cable Co., 210 Mass. 188, 195. Baer vs. Slater, 261 Mass. 153.
In this case, however, in addition to evidence of a bailment for hire and misdelivery there was evidence of the negligence of the defendant, and the Court specifically found that the defendant failed to exercise that degree of care to be expected from a prudent person in similar circumstances. A bailee is not relieved from liability if he should have apprehended and guarded against the occurrence of an act of thievery. The larceny of automobiles is not uncommon. Identifying tickets are customarily used in parking lots for the protection of patrons. The Court found that no such ticket was given to the plaintiff the day that this car was stolen. The attendant should have realized that this neglect might create a situation leading to the commission of a crime of this character which would be facilitated by his act. Having failed to give the ticket, as found by the Court, the alleged presentment of it to him by a stranger as a means of securing the car should have put him on guard as to the delivery of the car. No error is disclosed by the refusal of the Court to grant the first, second and fifth requests of the defendant. American Law Inst. Restatement, Torts, Sections 448 and 449. Morse vs. Homers, Inc., Mass. Adv. Sh. (1936) 2105. Doherty vs. Ernst, 284 Mass. 341. Foster vs. Essex Bank, 17 Mass. 479.
The entry will be,
Report Dismissed.