HEDY STEINER, Plaintiff, *v.* ELIZABETH O'LEARY, Defendant.

City Court of the City of New York, Special Term, New York County, November 23, 1945.

*Isidor H. Taylor* for defendant.

*Frank G. Wittenberg* for plaintiff.

RIVERS, J. Defendant moves, under rule 106 of the Rules of Civil Practice, to dismiss the complaint for insufficiency on its face.

It is alleged in the complaint that defendant owned and operated a hotel and that plaintiff was a guest; that the hotel was completely burned and that all of plaintiff's wearing apparel and other personal property, which were in her room at the time, were destroyed. There is no allegation in the complaint that the fire was caused by any negligence of the defendant. It is contended by the defendant that for lack of such an allegation the complaint is demurrable.

Under the original common-law rule, an innkeeper, although not negligent, was none the less liable for the loss of the prop-

erty of his guest through fire, unless, of course, the guest himself was guilty of negligence or the fire was occasioned by an act of God or the public enemy. (*Hulett* v. *Swift,* 33 N. Y. 571.) It is pointed out in *Faucett* v. *Nichols* (64 N. Y. 377, 380) that " to mitigate the rigor of the rule declared in *Hulett* v. *Swift* " chapter 658 of the Laws of 1866 was enacted. That statute is now section 202 of the General Business Law and reads as follows: " No inn keeper shall be liable for the loss or destruction by fire of property received by him from a guest, stored or being with the knowledge of such guest in a barn or other out-building, where it shall appear that such loss or destruction was the work of an incendiary, and occurred without the fault or negligence of such inn keeper."

It was held in *Faucett* v. *Nichols* (*supra*) that the statute creates a defense which the innkeeper has the burden of establishing. The court said (p. 380): " The burden is upon the innkeeper claiming the benefit of this statute to show that the fire occasioning the loss of the goods of the guest was an incendiary one, and the absence of negligence on his part connected with the transaction. He is exempted from liability when it ' shall appear ' that the circumstances exist which, under the statute, exonerate him from liability."

Section 201 of the General Business Law, as amended by chapter 400 of the Laws of 1925, contains the following provision relating to the liability of a hotelkeeper for loss of a guest's wearing apparel or other personal property in a room assigned to a guest: " Notwithstanding anything hereinabove contained, no hotelkeeper shall be liable for damage to or loss of such property by fire, when it shall appear that such fire was occasioned without his fault or negligence."

It will be observed that this sentence closely parallels the language of section 202 of the General Business Law as above quoted. I think that, like section 202, it creates a defense which the hotelkeeper has the burden of pleading and proving.

This result seems to me fair and wholly consonant with the realities of the situation. The innkeeper is in a better position to prove the cause of the fire than is the guest. If the innkeeper would absolve himself of liability to his guest it is not too much to expect of him that he assume the burden of showing his freedom from negligence.

Accordingly, the motion to dismiss the complaint for insufficiency is denied.

Order signed.