**JACOBSON v. RICHARDS & HASSEN EN-TERPRISES, Inc., et al.**

No. 135, Docket 21136.

United States Court of Appeals
Second Circuit.

Feb. 4, 1949.

Herbert N. Bobrow and Curtis & Eberlein, all of New York City, for appellant.

Bigham, Englar, Jones & Houston, of New York City (John M. Aherne and John L. Conners, both of New York City, of counsel), for appellee.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This appeal presents questions relating to the liability of the operator of a check room in a New York City restaurant for the misdelivery of a fur coat accepted for safe keeping. Diversity is the basis of jurisdiction. After trial by court the check room operator was held liable for the full value of the coat and has appealed from the judgment entered. D.C., 80 F.Supp. 917.

The court found upon ample evidence that the appellant, Richards & Hassen Enterprises, Inc., to be hereinafter called the concessionaire, had purchased for a valuable consideration from Belplaza Corporation, the owner and operator of the Belmont-Plaza Hotel in the City of New York, the right to operate the check rooms in the hotel. The concessionaire by written contract agreed to supply suitable operatives acceptable to the owner; to indemnify it against liability or loss; and not to make any charges for the service. Its remuneration consisted of the gratuities which might be given its operatives by the patrons, such "tips" being turned in to the concessionaire by the operatives who were paid fixed salaries. The operatives accepted articles for safe keeping and gave the patrons checks upon the production of which the articles were to be returned. They were authorized by the concessionaire to deliver articles checked without the production of the check, provided the patron was unable to produce it, if the article was identified by description.

One of the check rooms in the hotel thus operated by the appellant was in a restaurant called the Glass Hat. This restaurant was on the ground floor and had an outside entrance from 50th Street and another from the hotel lobby. One evening the appellee with her husband and another couple entered the Glass Hat by the 50th Street entrance and were seated at a table by a waiter employed by the hotel. Each of the ladies wore a fur coat and at the suggestion of the waiter each let him take her coat to check. He left the coats at one of the concessionaire's check rooms in the restaurant and was given one check for both. He gave that check to the plaintiff's husband.

When later in the evening the coats were called for at the check room and the check for them produced, only the coat belonging to the appellee's friend was there. Although the appellee's coat was demanded it was not and never has been returned to her.

The undisputed evidence shows that about an hour after the waiter had checked the two coats a man and a woman told the concessionaire's operative at the check room that they wanted the mink coat which the waiter had checked with the other coat. The check room girl was told that the check was with their friends in the restaurant but that they didn't want to go back to get it. They were asked to describe the coat and did so by correctly giving initials which were inside it and the makers' name on the label. The girl then delivered the coat to them. They were impostors. The court found that this misdelivery was grossly negligent. It was held that the appellant was a bailee liable for the conversion and judgment against it was entered for $4,500. The restaurant owner was sued also but the complaint was dismissed as to it and no appeal has been taken from that order.

The appeal from this judgment is based upon the ground that no conversion or gross negligence was proved and upon the alternative ground that, if there was a

conversion, or gross negligence, the ·liability of the appellant is limited by Sec. 201 of the New York General Business Law, Consol.Laws. c. 20.[1]

We accept the finding that the misdelivery of the coat was grossly negligent for the familiar reason that on the evidence it was not clearly erroneous. Indeed, it was well supported for the only excuse given for not producing the check as was normally required, was merely the inconvenience of going to get it from friends still in the restaurant. But without that, the appellant who was clearly a bailee of the coat was guilty of conversion even on the assumption that it was a gratuitous bailee. Such was the rule at common law. Rest., Torts Sec. 234; Williston, Contracts, Sec. 1038 at n. 6; Hall v. Boston & W. R. Corp., 14 Allen, Mass., 439, 92 Am.Dec. 783; Baer v. Slater, 261 Mass. 153, 158 N.E. 328, 54 A.L.R. 1328. The New York rule is in accord. Lockwood v. Bull, 1 Cow. N.Y., 322, 13 Am.Dec. 539; Kowing v. Manly, 49 N.Y. 192, 10 Am.Rep. 346; Sonn v. Smith, 57 App.Div. 372, 68 N.Y.S. 217. Dalton v. Hamilton Hotel Operating Co., 242 N.Y. 481, 152 N.E. 268, dealt with the effect of a rebuttable presumption of negligence arising from nondelivery on demand and is not to the contrary nor is Saugerties Bank v. Delaware & Hudson Company, 236 N.Y. 425, 141 N. E. 904, in which there was no misdelivery but only a failure to take up negotiable bills of lading upon delivery.

On the question of limitation of liability a decision of the Appellate Division of the New York Supreme Court is controlling. In Marks v. Planetary Recreations, Inc., —— Misc. ——, 86 N.Y.S.2d 487, this partial defense was pleaded by a check room operator who was not the proprietor of the restaurant. It was stricken on motion at Special Term and the Appellate Division, First Department, affirmed

the order without opinion. 274 App.Div. 993, 85 N.Y.S.2d 316. That being so, whether notices were posted as the statute requires as a condition upon limitation is irrelevant.

Judgment affirmed.

---

[1] The pertinent part of that statute reads: " * * * ; as to property deposited by guests or patrons in the parcel or check room in any hotel or restaurant, the delivery of which is evidenced by a check or receipt therefor and for which no fee or charge is exacted, the proprietor shall not be liable beyond seventy-five dollars, unless such value in excess of seventy-five dollars shall be stated upon delivery and a written receipt, stating such value, shall be issued, but he shall in no event be liable beyond one hundred dollars, unless such loss occurs through his fault or negligence."