Settle order.

RUTH SWETLOW et al., Plaintiffs, *v.* ZINDOREST PARK, INC., Defendant.

City Court of the City of New York, Bronx County, November 5, 1951.

*Warren S. Tenney* for plaintiffs.

*Anne J. Mathes* for defendant.

SULLIVAN, J. Plaintiffs were paying guests of the defendant at its place of business, comprising several buildings and recreational facilities, known as Zindorest Park in Monroe, New York. Upon arrival they registered in the main building. The desk clerk assigned each plaintiff to a single room in the building designated the Lake House.

The day following their arrival, while the plaintiffs were on the lawn of the property, they heard an announcement over the defendant's public address system that the Lake House was afire. Who or what caused the fire was not shown. The baggage of each plaintiff was totally destroyed to the proved monetary damage of plaintiff Swetlow in the sum of $465, and plaintiff Cohen, $351.70.

In this law suit they joined in a complaint and each alleges two causes of action — one based upon the liability of an innkeeper for loss by fire of a guest's property and the other for negligence. The defense is that Zindorest Park is a boarding-house, not a hotel, and negligence was not proved.

When the plaintiffs, the only witnesses, rested their case before the court and jury, the defendant moved to dismiss the complaint for failure of proof; decision thereon was reserved. The defendant rested, renewed the motion, and again decision was reserved. The plaintiffs moved for a direction of a verdict in which the defendant did not join. Decision was reserved, the case submitted to the jury with respect to the alleged negligence of the defendant and the jury returned a verdict for the defendant.

The plaintiffs now press their motion for a direction of a verdict and limit it to the cause of action predicated upon the defendant's liability as an innkeeper.

Under the common law the defendant would be liable as an insurer of the plaintiffs' property unless there was proof that the fire was occasioned by an act of God or the public enemy or negligence of the guest (*Hulett* v. *Swift*, 33 N. Y. 571).

The defendant maintains there is no liability on its part either under the common law or the statute (General Business Law, §§ 200, 201, 206) as the plaintiff failed to prove the existence of a relationship of innkeeper and guest and did not sustain the burden of establishing negligence, and the jury so found.

The evidence shows that the defendant was not operating a boardinghouse, as it contends, but a hotel, with all customary accommodations, within the contemplation of the law. The court holds the defendant to an innkeeper's liability. To be absolved of that liability the statute (§ 206) requires the posting by the defendant in a public and conspicuous place and manner in the office or public room, and in the public parlors, of a printed copy of the three sections, 200, 201 and 206.

The statute, completely absolving as it does the innkeeper of all liability for loss of the guest's property by fire, is mandatory and commands strict compliance therewith by the innkeeper.

(*Millhiser* v. *Beau Site Co.*, 251 N. Y. 290.) Upon the trial there was no proof of posting of notice of any kind anywhere upon the defendant's property.

In addition it appears that to avail itself of the statutory protection, the defendant, and not the plaintiffs, has the obligation of pleading and proving that the fire was occasioned without its fault (*Steiner* v. *O'Leary,* 186 Misc. 236, affd. 186 Misc. 577). There is no such pleading or proof in this action.

Justice requires that the verdict be set aside and the defendant made to respond.

The plaintiffs' motion for a direction of a verdict in their favor is granted. The plaintiff Swetlow is awarded the sum of $465 and the plaintiff Cohen, $351.70. Exceptions to the defendant. Ten days' stay; thirty days to make a case.