Cohn, J. (dissenting). A bailee, whatsoever the character of the bailment, is bound to redeliver the thing bailed to the proper person to receive it. (*Ouderkirk* v. *Central Nat. Bank,* 119 N. Y. 263; *Sonn* v. *Smith,* 57 App. Div. 372, 374.) Accepting as credible the testimony of defendant's witnesses, there was still in my opinion an insufficient basis for judgment in favor of defendant. Defendant's driver, who made the alleged delivery, testified that he left the goods of plaintiff at plaintiff's apartment, and that the person with whom he had left them signed a receipt therefor. The driver was unable to state whether it was a man or a woman to whom he delivered the packages. There was no proof that the signature on the receipt was that of plaintiff, or plaintiff's maid, or of any person who had authority to receive the goods.

To sustain the trial court's determination, which necessarily embraces a finding that there was a proper redelivery, defendant relies upon custom and usage. Where a contract is silent on the question of redelivery, the bailee's obligation is regulated by custom and usage in the business at the place where the bailment was made, such custom and usage being adopted into the contract. (8 C. J. S., Bailments, § 37, p. 305; § 38, p. 310; *Leach* v. *Hughes,* 74 Misc. 69.) However, in this case custom and usage was not pleaded nor proven. Furthermore, for a party to be bound by a local usage he must be shown to have knowledge or notice, either actual or constructive, of its existence. (*Walls* v. *Bailey,* 49 N. Y. 464; *London Assur. Corp.* v. *Thompson,* 170 N. Y. 94, 99.)

There is no proof here that in the dry cleaning business, such as that in which defendant was engaged, redeliveries are customarily made by leaving the goods in the care of any person who may answer a door bell in an apartment dwelling, and that plaintiff had knowledge or notice of such custom in dealing with defendant.

The determination of the Appellate Term should be reversed, the judgment of the Municipal Court in favor of defendant should likewise be reversed and a new trial ordered.

Peck, P. J., Glennon, Dore and Van Voorhis, JJ., concur in decision; Cohn, J., dissents and votes to reverse and order a new trial, in opinion.

Determination affirmed, with costs to the respondent. No opinion. [See *post,* p. 779.]

Anne J. Levine et al., Respondents, v. Harry S. Fischer, Appellant.—

Present — Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ.

Ecco High Frequency Corporation, Respondent, v. Amtorg Trading Corporation, Appellant.— No opinion. Present — Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ.