Ruth Swetlow et al., Respondents, *v.* Zindorest Park, Inc., Appellant.

First Department, March 3, 1953.

*John J. Cunneen* of counsel (*Caverly, Dimond, Dwyer & Lawler,* attorneys), for appellant.

*Jules H. Enrich* of counsel (*Daniel P. Hays* with him on the brief; *Hays, Wolf, Schwabacher, Sklar & Epstein,* attorneys), for respondents.

*Per Curiam.* Plaintiffs, who were guests at defendant's resort Zindorest Park, sue for the value of personal property lost in a fire. The complaint alleges that the resort maintained by defendant was a hotel and pleads the theory of an innkeeper's liability for the loss. It separately pleads liability based on negligence.

The answer denies the allegation of the complaint that the defendant maintained a hotel. This issue was not submitted to the jury at the trial, but the issue of the negligence of the defendant in causing a fire was submitted and the jury found for defendant on that issue. There was full opportunity then open to the defendant to have submitted the issue of whether defendant maintained a hotel.

The procedural course followed by the defendant amounted to a waiver of the factual issue of its status as a hotelkeeper with the usual statutory and common-law liabilities of that status. At the close of plaintiffs' proof defendant argued for a dismissal, not on the ground that a hotel status was not shown, but on the ground that negligence was not shown; and rested without offering any proof. As thus factually uncontradicted, plaintiffs had made out a prima facie case that defendant maintained a hotel.

It immediately renewed the motion after resting the case, and when plaintiffs moved for a direction of a verdict the defendant did not oppose the motion on the ground that an issue of fact existed as to its status as a hotelkeeper, nor did

it ask the Judge to submit any such question to the jury but acquiesced in his submission of the limited issue of negligence.

The jury found for the defendant on the issue of negligence; and thereafter the Judge granted the plaintiffs' motion for a direction of a verdict on the cause of action based on the theory of a hotelkeeper's liability.

The Appellate Term was correct in affirming the direction of a verdict for plaintiffs on the question of defendant innkeeper's liability for the loss of the property of the plaintiffs as guests of the defendant due to fire, and in remitting the case to the City Court for the assessment of damages. The procedural steps necessary to reflect in the judgment the verdict of the jury in the causes of action for negligence should be taken in the City Court.

The order of the Appellate Term should be affirmed, with costs.

PECK, P. J., CALLAHAN, BREITEL, FOSTER and BERGAN, JJ., concur.

Determination unanimously affirmed in accordance with the opinion herein. Settle order on notice.