Francis X. Conlon, J.
In the court’s opinion the evidence establishes that the negligence of defendant contributed to the loss of plaintiff’s jewelry. A theft or burglary does not exonerate a bailee if the latter’s lack of proper care has made the loss possible (Faucett v. Nichols, 64 N. Y. 377; Collins v. Burns, 63 N. Y. 1, 7). Had the doors of the safe been locked at the time of the robbery, the fact that the unit or section, which included the box containing the plaintiff’s jewelry, was removable from the safe might not be sufficient, in itself, to charge defendant with negligence. In view, however, of the fact that the safe doors were left open and unlocked and that access to the inside of the safe was unobstructed, the removability of the unit or section becomes a factor of great importance. The maintenance of the safe containing removable units or sections of safe deposit boxes, with the safe doors open and with no physical bar to access to the safe, other than the presence of the night clerk at the office counter, did not constitute proper care by the defendant of articles left in safe-deposit boxes in the safe.
The provisions of paragraph 13 of the lease between plaintiff’s husband and the defendant do not exonerate the latter from liability, in view of the language of section 234 of the *666 Beal Property Law. Nor do the provisions of section 200 of the General Business Law avail the defendant in view of the fact that the plaintiff was not a “ guest or traveler ” within the meaning of that section.
I find that plaintiff’s jewelry was lost, while in the possession of the defendant, by reason of the latter’s negligence and that it is liable for the fair and reasonable value of the jewelry. The evidence as to value was opinion evidence which was not as clear and convincing as it might have been. Plaintiff’s husband did not take the stand to corroborate her testimony that he had purchased the jewelry and then given it to her; nor did he testify as to the amount he paid for the jewelry. Two jewelers testified as to their appraisals of the value of the jewelry. The one who testified as to the earrings and brooches was not sure whether his firm had made the sale to plaintiff’s husband. The other, who testified as to the bracelet, did not sell it to plaintiff’s husband and his appraisal was “ for insurance purposes only ”. I find that the value of the lost jewelry was $15,000 and I direct judgment for plaintiff in that amount, with interest and costs.
Findings of fact and conclusions of law have been waived. The foregoing represents the court’s decision.