LILLIAN HONIG, Respondent, v. BENJAMIN C. RILEY, Appellant.

Bailment — restaurants — negligence — damages — liability of restaurant keeper for loss of checked garment limited by statute to seventy-five dollars unless value stated and receipt delivered — limitation not applicable in case of theft by himself or his agents.

In an action to recover the value of a fur coat left by plaintiff in the check room of defendant's restaurant, for which she received the usual check, she being neither questioned as to, nor stating its value, liability is limited by section 201 of the General Business Law (Cons. Laws, ch. 20, amd. L. 1924, ch. 506) to the sum of seventy-five dollars, even though negligence be found. Only where value is stated and a receipt delivered is the exemption made dependent upon freedom from negligence or other fault. The statute, however, is aimed at loss or misadventure and has no application to theft either by defendant or his agents.

*Honig* v. *Riley*, 217 App. Div. 570, reversed.

(Submitted December 3, 1926; decided December 31, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 11, 1926, which affirmed a determination of the Appellate Term affirming a judgment of the Municipal Court of the city of New York in favor of plaintiff entered upon a verdict.

*Ralph O. L. Fay, David Klein* and *Henry Fluegelman* for appellant. Section 201 of the General Business Law is a valid enactment which effectively limits appellant's liability herein to a sum not in excess of seventy-five dollars. (*Rosenplaenter* v. *Roessle*, 54 N. Y. 262; *Hyatt*

v. *Taylor*, 42 N. Y. 258; *Purvis* v. *Coleman*, 21 N. Y. 111; *Gardiner* v. *N. Y. C. & H. R. R. R. Co.*, 201 N. Y. 387; *Smith* v. *People*, 47 N. Y. 330; *Matter of Livingston*, 121 N. Y. 94; *People* v. *Luce*, 204 N. Y. 478; *Vail* v. *Broadway R. Co.*, 147 N. Y. 377; *Hyman* v. *South Coast Hotel Co.*, 146 App. Div. 341.) When interpreted in accordance with accepted rules of construction the statute is intelligible and effective to reduce the common-law liability of proprietors of hotels and restaurants. (*Rosenplaenter* v. *Roessle*, 54 N. Y. 262; *Wells* v. *Steam Navigation Co.*, 2 N. Y. 204; *Julian* v. *Rathbone*, 39 N. Y. 369; *Clark* v. *Brown*, 18 Wend. 213; *Freeman* v. *McCullough*, 1 Den. 414; *White* v. *Wagar*, 32 Barb. 250; 25 N. Y. 328; *Carpenter* v. *Taylor*, 1 Hilt. 193; *People* v. *Jones*, 54 Barb. 311; *Simpson* v. *Rourke*, 13 Misc. Rep. 230; *Montgomery* v. *Ladjing*, 30 Misc. Rep. 92; *Block* v. *Sherry*, 43 Misc. Rep. 342; *Robin* v. *Colaizzi*, 101 Misc. Rep. 298.)

*Charles J. Campbell* for New York State Hotel Association et al., *amici curiæ.* The liability of the defendant, a restaurant keeper, is limited to seventy-five dollars by section 201 of the General Business Law. (Story on Bailments, 475; *Montgomery* v. *Ladjing*, 30 Misc. Rep. 92; *Gastenhover* v. *Clair*, 10 Daly, 265; *Clary* v. *Fitzgerald*, 155 App. Div. 659; *Matter of Dwyer*, 192 App. Div. 72; *People* v. *N. Y. & Man. Beach Ry. Co.*, 84 N. Y. 565; *People ex rel. Collins* v. *Spicer*, 99 N. Y. 225.) The act in question is a reasonable regulation of liability, and does not impose an absolute limitation of liability regardless of value. (*Rosenplaenter* v. *Roessle*, 54 N. Y. 262; *Gardiner* v. *N. Y. C. & H. R. R. R. Co.*, 201 N. Y. 387; *Tewes* v. *North German Lloyd S. S. Co.*, 186 N. Y. 151.)

*Aaron Honig* and *Jacob J. Lazaroe* for respondent. The appellant's contention that in any event his liability is limited to seventy-five dollars by reason of section 201

of the General Business Law is wholly untenable. (*Shaine* v. *Jacobson,* 121 Misc. Rep. 590; *Chatillon* v. *Co-operative Apartment Co.,* 80 Misc. Rep. 108.) The appellant was not a gratuitous bailee and was liable to the respondent for the full value of her coat, if the loss thereof was occasioned by his negligence. (*Bird* v. *Everard,* 4 Misc. Rep. 104.)

· CARDOZO, J. Plaintiff, visiting defendant's restaurant on New Year's Eve, 1925, left a fur coat of the value of $850 at the check room, receiving the usual check therefor. She was not questioned as to the value, and did not state it. The court charged the jury in effect that the plaintiff should have a verdict for the full value of the coat if the jury believed that the defendant had been negligent in caring for it. The question is whether liability has been limited by statute.

The case involves the construction of section 201 of the General Business Law (Cons. Laws, ch. 20), as amended by Laws of 1924, chapter 506. The whole section must be quoted, but for convenience the part directly applicable is printed in italics:

" No hotel keeper except as provided in the foregoing section shall be liable for damage to or loss of wearing apparel or other personal property in the room or rooms assigned to a guest for any sum exceeding the sum of five hundred dollars, unless it shall appear that such loss occurred through the fault or negligence of such keeper, nor shall he be liable in any sum exceeding the sum of one hundred dollars for the loss of or damage to any such property when delivered to such keeper for storage or safekeeping in the store-room, baggage room or other place elsewhere than in the room or rooms assigned to such guest, unless at the time of delivering the same for storage or safekeeping such value in excess of one hundred dollars shall be stated and a written receipt, stating such value, shall be issued by such keeper, but in no event

shall such keeper be liable beyond five hundred dollars, unless it shall appear. that such loss occurred through his fault or negligence, and such keeper may make a reasonable charge for storing or keeping such property, nor shall he be liable for the loss of or damage to any merchandise samples or merchandise for sale, unless the guest shall have given such keeper prior written notice of having the same in his possession, together with the value thereof, the receipt of which notice the hotel keeper shall acknowledge in writing over the signature of himself or his agent, but in no event shall such keeper be liable beyond five hundred dollars, unless it shall apppear that such loss or damage occurred through his fault or negligence; *as to property deposited by guests or patrons in the parcel or check room of any hotel or restaurant, the delivery of which is evidenced by a check or receipt therefor and for which no fee or charge is exacted, the proprietor shall not be liable beyond seventy-five dollars, unless such value in excess of seventy-five dollars shall be stated upon delivery and a written receipt, stating such value, shall be issued, but he shall in no event be liable beyond one hundred dollars, unless such loss occurs through his fault or negligence.*"

The defendant maintains that where property is deposited in a parcel or check room without statement of value or delivery of the prescribed receipt, there is a limit of liability to $75 for loss from any cause. Disclosure of the value, if followed by a receipt, will extend liability for fault or negligence up to the limit of the value stated, though even then the liability, if any, as insurer will be $100 and no more. The plaintiff on her side maintains, and the courts below have held, that the exemption from liability in excess of $75 where the value is not disclosed, is not to be read as a limitation of liability for loss from any cause, but is confined to losses not due to the fault or negligence of the proprietor.

We think the defendant's construction is the true one,

however clumsy and inartificial may be the phrasing of the statute. A limitation of liability affecting merely the measure of recovery is applicable, if not otherwise restrained, to loss for any cause (*D' Utassy* v. *Barrett*, 219 N. Y. 420, 424; *Boyle* v. *Bush Terminal R. R. Co.*, 210 N. Y. 389, 392). The final words of the section, " unless such loss occurs through his fault or negligence," are to be confined to the limitation of $100 immediately preceding. They do not relate back to the beginning and modify all that follows. The sense of the words, and the order of the clauses would lead to this conclusion as a matter of verbal or grammatical construction though the provision as to check rooms were one standing by itself. The construction is confirmed when the provision is read in conjunction with the provisions immediately preceding it as part of a connected plan. The guest at an inn who delivers goods to the innkeeper for storage or safekeeping in a place other than his room must state the value of the goods and procure an appropriate receipt. If he fails to do this, the liability of the innkeeper is limited to $100. In no event, however, is there to be liability in excess of $500 except for fault or negligence. There are similar provisions in respect of liability for merchandise samples or merchandise for sale. From the beginning of the section to the end, the exemption from liability in excess of the prescribed maximum is absolute where value is concealed. Only where value is stated and a receipt delivered is the exemption made dependent upon freedom from negligence or other fault.

Argument is made that the statute is unworkable and meaningless. Proprietors of restaurants who are informed of the value and give a receipt are to have the benefit of a $100 limitation if fault or negligence is not established. In that contingency, however, they do not need a limitation. The common law does not charge them with an obligation approaching that of an insurer. The argument overlooks the fact that the statute is not

aimed at the protection of proprietors of restaurants exclusively. Another purpose, and indeed the chief one, if we may judge from the preceding exemptions of the section, is the protection of innkeepers, whose liability to guests is absolute, with exceptions not here important, under the rule at common law. For the purpose of the new exemption, proprietors of inns and proprietors of restaurants are grouped as a single class. If they have been guilty of fault or negligence, they are liable for damages to the extent of the value stated. If free from fault or negligence, their liability, if any, as insurers, will not exceed $100, but within that limitation will be determined by the existing law. Negligence may indeed be inferred in the first instance from the delivery of the subject of the bailment and the failure to return it. Even so, the inference may be repelled through proof by the bailee that the thing, though not returned, has been lost without his fault (*Claflin* v. *Meyer*, 75 N. Y. 260). Whether liability will then survive must be determined by the character of the bailment and the liability assumed. The bailee now before us would not be liable in any amount if negligence were absent. Negligence being found, the statute preserves the liability, but limits the recovery.

In one of the opinions at the Appellate Term the point was made that the statute, if read as the defendant reads it, would permit the innkeeper or the proprietor of a restaurant to limit his liability to $75, in default of disclosure of the value, though he had stolen or willfully misused the thing confided to his custody. We have no thought by our decision to sanction such injustice. The statute is aimed at loss or misadventure. It has no application to theft by the defendant or his agents (*D' Utassy* v. *Barrett*, 219 N. Y. 420, 424). Very likely, the statute would be fairer if it charged a bailee with a duty to make inquiry as to value so as to put the owner on his guard. Those considerations are for the Legis-

lature. They do not relieve us of the duty to enforce the law as it is written.

The judgment of the Appellate Division and the determination of the Appellate Term should be reversed, and the judgment of the Municipal Court modified by reducing the amount thereof to the sum of $75 with interest and costs, and as so modified affirmed without costs of appeal in this or any court.

HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.