## RESTAURANTS AND PATISSERIES LONGCHAMPS, Inc., v. PEDRICK, United States Collector of Internal Revenue for Second District of New York.

District Court, S. D. New York.

Sept. 28, 1943.

Joel J. Weiner, of New York City, for plaintiff.

James B. M. McNally, U. S. Atty., for Southern District of New York, of New York City (Florence P. Shientag, of New York City, of counsel), for defendant.

HULBERT, District Judge.

Defendant moves for judgment dismissing the complaint upon the pleadings and an examination of the plaintiff before trial.

The action is to recover employment taxes alleged to have been erroneously and illegally assessed for the quarterly period beginning on April 1, 1942 and ending on June 30, 1942, and the question presented is whether payments made to plaintiff's employees were wages or "tips."

Plaintiff operates four restaurants in the City of New York and controls several others affiliated with it.

During the period for which refund is sought and for several years prior thereto, the plaintiff's restaurants made known to their patrons that "tipping" was not permitted; in fact it is conceded that if a waiter had accepted a tip, to the knowledge of the plaintiff, he would have been discharged. But in lieu of "tips" 10% of the customer's check was added thereto as a service charge, and the entire sum was collected and paid over to the plaintiff's cashier. No segregation of the service charge from other items on the check was made by the cashier. On the following day, all money collected on the previous day was deposited in a bank servicing the particular restaurant. On the day following the one on which the money was received, the restaurant checks were forwarded to the central office of the plaintiff where they were audited and verified, and the amounts received as service charges were apportioned, a certain percentage of the amount attributable to food was credited to the bus boy; a certain percentage of the amount attributable to drinks, served at the table, was credited to the bartender, and the balance of the service charge was credited to the waiter under the heading "Commissions" on the "Commission Sheet." On the time sheet these amounts were entered under the heading "Commissions"; the payroll record indicated these amounts as "Commissions" and the ledger entries were headed "Waiters' Commissions." The money so credited to the waiters was retained by the plaintiff until the Thursday after the Friday following the day on which the money was paid by the patron.

The plaintiff paid its waiters a base wage of $1.50 daily, or $9 for the normal six-day week and in addition, and at the same time, paid the waiters the "Commissions" thus computed which averaged from $35 to $40 per week.

Plaintiff contends that the service charge is a "tip" and did not constitute taxable wages within the meaning of the Federal Insurance Contributions Act, 26 U.S.C.A. Int.Rev.Code, § 1400 et seq., for the purpose of computing the tax payable by the plaintiff under that Act.

The word "tip" is defined in Funk & Wagnalls' New Standard Dictionary as "a sum of money given, as to a servant usually to secure better or more prompt service." This connotes a voluntary act. A patron in a restaurant is under no com-

pulsion to leave a "tip." In the instant case the voluntary aspect is completely eliminated. The customer is requested not to do it and the waiter would be subject to discipline if he accepted it.

Section 402.228 of Regulations 106 provides: "Tips or gratuities paid directly to an employee by a customer of an employer, and not accounted for by the employee to the employer" are excluded from wages for the purpose of the Federal Insurance Contributions Act.

It seems clear, therefore, that the service charge in this case does not come within this exemption and constitutes wages for the purpose of the Act.[1]

Accordingly the defendant's motion is granted. Settle order.

---

[1] Where a club did not permit tipping, but added 10% to the cafe charges made against members' account, the Bureau of Internal Revenue ruled that "the 10 percent added to the cafe charge is an arbitrary charge fixed by the club which the member is required to pay and is clearly not a gratuity. Moreover, the added charge is not paid by the customer directly to the employee but is paid to the club and becomes a part of the club's funds." S.S.T.145, C.B.1937, part 1, p. 443.