CAROLINE B. ADLER, Respondent, *v.* SAVOY PLAZA, INC., Appellant.

First Department, November 13, 1951.

*Paul D. Compton* of counsel (*Rein, Mound & Cotton*, attorneys), for appellant.

*Gregory S. Rivkins* of counsel (*Barton P. Ferris* and *Sidney A. Diamond* with him on the brief; *Hill, Rivkins & Middleton*, attorneys), for respondent.

PECK, P. J. This is an action to recover for the loss of jewelry. and personal effects contained in a suitcase which was deliv-

ered by plaintiff to defendant for safekeeping. The claimed value of the jewelry was something over $20,000 and the claimed value of the personal effects about $3,300.

The jury returned a verdict in plaintiff's favor for $2,000, which the trial court on plaintiff's motion set aside as a compromise. A new trial was ordered. Defendant appeals from the order setting aside the verdict and ordering a new trial and also from the denial of its motion to reduce the verdict to the sum of $100.

The action was defended principally on the ground that plaintiff was a guest of defendant's hotel and defendant was entitled to the benefit of sections 200 and 201 of the General Business Law. Section 200, which exempts a hotel from liability for the loss of jewelry of a guest who fails to deposit such property in the safe provided for the purpose, was set up as a complete defense. Section 201, which limits a hotelkeeper's liability to the sum of $100 for the loss of personal property delivered to the hotel for storage elsewhere than in the room assigned to a guest unless at the time of delivery a value in excess of $100 is stated and a written receipt secured, was asserted as a partial defense.

Defendant's contention on this appeal is that the jury's verdict was not plainly a compromise, but was implicit with the justified finding that plaintiff had not delivered her jewelry for deposit in the safe as she was required to do, and defendant was therefore freed from liability on account of the jewelry. Excepting the jewelry, defendant contends the jury was warranted in placing a value of $2,000 on the other personal effects, principally used clothing, which cost $3,300. Defendant maintains that it was error, therefore, for the trial court to set the verdict aside, but also maintains that the verdict should be reduced to $100, which would be the extent of defendant's liability for the clothing under section 201 of the General Business Law.

We must determine upon the facts and the law whether defendant is entitled to the defenses of sections 200 and 201 and whether there was any basis in the evidence and submission of the case to the jury for the jury's verdict.

The facts are as follows: Plaintiff was accustomed to staying at defendant's hotel whenever she visited New York and had been a guest of the hotel many times. She and her husband had requested reservations for May 15, 1946. Upon their arrival at ten o'clock that morning, they were advised that their reservation was for the following day, but that the hotel would

try to accommodate them, so they registered, hoping that a room might be assigned during the day. At the same time, they delivered their luggage to the bell captain, and it was deposited in a section of the lobby set aside for the luggage of arriving and departing guests. Plaintiff's husband attended to business during the day while plaintiff was in and out of the hotel. When both returned to the hotel in the afternoon, they found that a room was still not available, so they whiled away some time in the lounge bar and had dinner in the room of a friend who was a guest of the hotel.

All during the day defendant's manager was seeking accommodations for the couple but was unable to locate them in the hotel. He finally secured accommodations for them for the night at the Sherry Netherlands Hotel where they registered at about 8:00 P. M., taking with them two suitcases and a cosmetic case, and leaving the suitcase with the valuables and two matching cases at defendant's hotel.

Plaintiff testified that before leaving defendant's hotel for the night she told the bellman that she had better do something about her jewelry which was in the large suitcase, suggesting that it would be necessary to take the jewelry out of its leather box and put it into envelopes which the hotel provided for deposit in its safe. Whereupon, according to plaintiff, the bellman replied: "It won't be necessary, we will put the whole suitcase in the vault." The bellman charged with this assurance testified that he had no such conversation with plaintiff.

When plaintiff returned to defendant's hotel the next morning, to take up a residence for two or three weeks, and requested delivery of her luggage, the large suitcase was missing. During the night the suitcase had been delivered by the night manager of the hotel to an impostor. The circumstances of this delivery are not altogether clear as the night manager was deceased at the time of the trial. Whether there was some complicity on the part of one or more of the hotel employees, as plaintiff suggests, we are not called upon to surmise. It is quite apparent that defendant was negligent, probably grossly negligent, and if the case could be determined simply on a question of negligence, plaintiff would be entitled to recover the amount of her loss.

Unquestionably defendant had given due notice to its guests of the availability of a safe for the deposit of their valuables. If plaintiff was a guest of the hotel, she was bound by the notice so given and obliged to deliver her jewelry to the office for deposit in the safe, or suffer the peril of its loss. That is, unless

defendant waived compliance with the statute. The questions as to the jewelry, therefore, were whether plaintiff was a guest of the hotel and whether defendant had waived compliance with the statute.

Any issue as to whether plaintiff was a guest (and it may be noted that in her first cause of action plaintiff alleges that she was a guest and in her second cause of action for the same recovery omits that allegation) was not submitted to the jury in such a way that it is possible to determine whether the jury passed upon or even considered the question. We are prepared to rule, however, as matter of law on the admitted facts, that plaintiff was a guest.

It was, therefore, required of plaintiff, if she wished to give her jewelry hotel protection, to deliver it or at least tender it to the defendant for deposit in its safe. Both as a matter of experience and sense, plaintiff knew that this should be done, and according to her testimony she had the foresight to suggest that such a deposit be made. It was only upon the alleged assurance of the bellman that the entire suitcase would be placed in the vault that she was satisfied.

There may be a question of the bellman's authority or apparent authority under the circumstances, which we do not consider on this appeal. That question will remain for the court or jury on the next trial. Assuming, however, that plaintiff would be justified in relying on the bellman's assurance, the factual question is whether such assurance was given with a consequent waiver of the provisions of section 200 of the General Business Law.

While it is defendant's contention that the jury could have found, and that the verdict should be interpreted as a finding, that defendant was entitled to the protection of section 200, we are utterly unable to say or guess whether that was the jury's view or whether the question even entered into their consideration. There was no clear submission of the question to the jury and their attention certainly was not focussed on the question. Nor were they told what facts or considerations would bear upon their decision of such a question.

One factual issue which would have to be put to the jury before the court would know their finding, or either could pass on the applicability of section 200, is whether or not plaintiff had the conversation she testified to having with the bellman. If she did not have such conversation, there could be no purported compliance on her part with section 200 or waiver of its protection by defendant. Without that issue being submitted

to the jury, we are unable to parse the verdict or give it the interpretation which defendant contends for. The verdict was, therefore, properly set aside.

We will make only one further observation for the guidance of the court on the new trial, and that is in connection with the applicability of section 201 of the General Business Law to the lost property other than jewelry. Plaintiff being a guest, section 201 applies. No value in excess of $100 having been stated or written receipt secured, defendant's liability for the value of the suitcase and its contents, other than the jewelry, was limited to $100. Negligence or even gross negligence on the part of defendant is no consideration in this connection. (*Honig* v. *Riley*, 244 N. Y. 105.)

The order appealed from setting the verdict aside and ordering a new trial should be affirmed, with costs.

CALLAHAN, J. (dissenting). The trial court set aside the plaintiff's verdict as a compromise upon the ground that the award could not be held to include the jewelry on any assessment of value warranted by the evidence, or else it constituted a finding that the jewelry was not in the suitcase.

A jury verdict should not be set aside as a compromise if it can be supported upon any hypothesis presented by the evidence in the case (*Candia & Co.* v. *Rubin,* 209 App. Div. 357; *Clark* v. *Foreign Products Co.,* 194 App. Div. 284).

I think that the trial court overlooked a possible finding by the jury justified by the evidence, viz., that even if the jewelry was in the suitcase and irrespective of its value, defendant was not liable for its loss because of plaintiff's failure to place it in the hotel safe. If it so found, the jury might then have awarded plaintiff $2,000 as the value of the clothing and other personal effects alone. Such an award would not constitute a compromise, since the evidence as to the alleged value of $3,000 for such clothing, etc., was largely based on cost and the effects had been subjected to use.

At this point it seems pertinent to note a conflict in the testimony in the case. Plaintiff testified that prior to leaving for the adjoining hotel she stated to defendant's bellman that she would take her jewelry out of the large suitcase and deposit it in the safe. She said that the bellman assured her that there would be no need to do this, as he could place the entire suitcase and contents in the hotel vault. The bellman, however, denied any such conversation with plaintiff and denied any mention of the jewelry or tender of it for deposit in the safe.

The defendant pleaded as defenses the protection afforded an innkeeper by sections 200 and 201 of the General Business Law. It claimed that under section 200 it was not liable for the loss of the jewelry because it had provided a safe and posted the notice required by the statute, and that plaintiff did not deliver the jewelry to defendant for deposit in the safe or declare its presence in the suitcase. The hotel's compliance with the statutory requirements as to posting of notice was conceded.

On this appeal the parties have not dealt with the partial defense as to the $500 limitation of liability found in section 200, though plaintiff gave no testimony of any declaration as to value nor of any special written agreement. Defendant chooses to assume that the jury made no award for the jewelry. In my opinion it would not alter the case if the $2,000 verdict is deemed to include an award of $500 for the jewelry. It would merely mean that $1,500 was awarded for the used clothing.

We are apparently agreed that the relationship of innkeeper and guest existed between the parties. In any event, the question appears to have been left to the jury by the trial court without any objection on plaintiff's part, and we must assume that the jury found that the innkeeper-guest relationship controlled because every reasonable hypothesis in support of the integrity of the verdict must be indulged.

As this was the relationship of the parties, the guest was required under section 200 of the General Business Law to place her jewelry in the safe provided for that purpose. In the court's charge to the jury there was no stressing of the issue as to plaintiff's alleged offer of the jewelry for deposit. But there was some discussion of the provisions of section 200, and the jury heard the disputed testimony in regard to the alleged offer of deposit. It was advised that it was its function to decide all the issues of fact in the case. I think that in order to uphold the verdict we should assume that the jury did consider that issue and resolved it so as to exonerate defendant from liability for the jewelry.

The question of liability of defendant for the jewelry based on its negligence in giving the suitcase to an impostor would seem to be immaterial on the face of the statute, at least in the absence of a delivery for deposit in the safe. Complete immunity appears to be afforded the hotelkeeper for jewelry not deposited. As the jury's verdict indicates a finding that no deposit was made, it becomes unnecessary for us to decide whether negligence in caring for jewelry that had been left for deposit in the

safe would afford a basis for liability and, if so, whether that liability would be limited to $500 under the statute in the absence of a special written contract. It may be well, however, to point out that the grant of immunity set forth in section 200 appears to be all inclusive by its terms. No exception to or restraint upon said immunity is expressed, even in instances where the hotelkeeper is negligent, although section 201 does mention such an exception. Insofar as section 200 constitutes a limitation affecting merely the measure of recovery, it clearly would be applicable to loss from any cause, including negligence (*Honig* v. *Riley*, 244 N. Y. 105, 109). But section 200 goes beyond limiting the measure of recovery to $500 for deposited jewelry. It purports to grant complete immunity as to non-deposited jewelry. Thus some room for doubt may exist as to whether negligence would affect the complete immunity and impose liability up to $500, though it would seem clear that it could not affect the limitation of liability at that sum in the absence of special agreement.

The question of liability for negligence is rendered academic for reasons heretofore indicated that a recovery up to $500 for the jewelry would be amply covered by the present verdict.

This leaves us with the inquiry as to the defendant's liability for the clothing and other personal effects. Defendant says that such liability is limited to $100 under section 201 of the General Business Law on the conceded fact that the property was lost from a checkroom and not the guest's room, and no value was stated. It asks us to reduce the verdict to that sum, a motion for that relief having been made after return of the verdict and denied by the trial court.

I agree with the defendant's construction of section 201, but we are dealing with a jury's verdict and the right to alter its amount by direct action of the court after rendition, and not a motion for direction of a verdict before its rendition. Neither this court nor the trial court would seem to have the power to alter a verdict by changing its amount. The verdict might be set aside, unless the plaintiff stipulated to reduce it to the proper amount. But defendant did not and does not ask that relief, which would entail a new trial if the stipulation was not forthcoming. As defendant is appealing from an order granting a new trial, we may assume that it is not seeking any relief that would bring about such result.

Under the circumstances, the order appealed from should be reversed and the verdict reinstated.

GLENNON and SHIENTAG, JJ., concur with PECK, P. J.; CALLA-HAN, J., dissents and votes to reverse and reinstate the verdict, in opinion; COHN, J., dissents in the following memorandum: I dissent and concur in the result reached by CALLAHAN, J., upon the ground that the jury could properly find, under the court's charge, that the relationship of guest and innkeeper did not exist insofar as this transaction was concerned and that the jury had the right to render a verdict in favor of the plaintiff in the sum of $2,000.

Order affirmed, with costs to respondent.