JOSEPH H. DILKES, Respondent, *v.* HOTEL SHERATON, INC., et al., Appellants.

First Department, October 27, 1953.

*Harry Rodwin* of counsel (*Bernard Katz* and *Marvin L. Oshan* with him on the brief; *Goldwater & Flynn,* attorneys), for appellants.

*Melville Harris* for respondent.

*Charles W. Merritt* of counsel (*Gerard A. Navagh* with him on the brief; *Lord, Day & Lord,* attorneys), for New York State Hotel Association, *amicus curiæ.*

CALLAHAN, J. Plaintiff has recovered $600 as the value of certain baggage stored with defendants and not returned. The defendants are innkeepers and at all times relevant to this case operated the Hotel Sheraton in New York City. They claim a limit of liability at $100 under section 201 of the General Business Law. Unquestionably, the notices required by the statute were posted by the hotel, and no value in excess of $100 was stated. The only disputed issue is whether plaintiff left his luggage with defendants as a guest of the hotel or in some other relationship.

Plaintiff, an auditor for a large business concern, traveled largely in South America, but from 1938 to 1944, he, and sometimes his wife, had been a guest in defendants' hotel for periods extending from one to five months. Sometime in 1944, plaintiff left some luggage at the hotel and departed. The hotel agreed to store plaintiff's belongings as an accommodation. Plaintiff returned in 1946, but did not resume residence in the hotel because accommodations were not available for more than five days. Plaintiff stayed at another hotel, but continued to leave some of his belongings in defendants' storeroom on the advice of defendants' manager that he might do so.

In November, 1947, plaintiff again presented himself at defendants' hotel and discussed accommodations, but did not take up residence because the rates were unsatisfactory. He then attempted to get his luggage, but it was missing.

There is no evidence in the record indicating that either in 1944 or 1946 defendants undertook to store plaintiff's baggage other than as an innkeeper. Clearly, the original deposit of plaintiff's effects was made at a time when plaintiff was a guest, and though defendants kept the goods during periods of plaintiff's absence from the hotel, it is evident that they did so as part of the hotel service to guests, and not as mere bailees or warehousemen solely engaged in the business of storing goods.

The purpose of the statute (General Business Law, § 201) is to protect an innkeeper against the unlimited and absolute liability of an insurer imposed by common law (*Honig* v. *Riley*, 244 N. Y. 105). It is provided that " No hotel keeper  *  *  * shall be liable in any sum exceeding the sum of one hundred dollars for the loss of or damage to any such property when delivered to such keeper for storage or safekeeping in the store room, baggage room," etc. The time of delivery would seem the operative date. The fact that the goods are permitted

to remain in the hotel baggage room as a matter of accommodation with the expectation, or even mere hope, on the part of the hotel that the guest will return and resume residence does not, it seems to us, create a different relationship with respect to the stored goods, at least in the absence of some express agreement. Nor would the fact that residence was not resumed by the guest alter the relationship in which the goods were held or remove the limitation of liability. If this were not so, the hotel would be afforded protection under the statute when it was receiving the benefit of the guest's patronage, and lose the protection when it was accommodating the guest without remuneration. We think that the Legislature intended to give a broader protection. We so held in previous cases when the guest departed for eight months (*Roses* v. *Alamac Estates,* 276 App. Div. 840); and when he was awaiting accommodations (*Adler* v. *Savoy Plaza,* 279 App. Div. 110). While the circumstances as to what occurred with respect to the guest's accommodations may have differed in some respects in the various cases, we find nothing in the present evidence to warrant a different rule of liability than that applied to innkeeper and guest.

The determination of the Appellate Term should be reversed, and the judgment of the City Court should be modified by reducing the recovery to $100 and, as so modified, affirmed.

COHN, J. P., BREITEL, BASTOW and BOTEIN, JJ., concur.

Determination of the Appellate Term unanimously reversed and the judgment of the City Court unanimously modified by reducing the recovery to $100 and, as so modified, affirmed.
Settle order on notice.