FRANCISCA G. DAJKOVICH, Respondent, *v.* HOTEL WALDORF-ASTORIA CORPORATION, Appellant.

First Department, February 15, 1955.

*John H. Sherry* of counsel (*Archie B. Morrison, John D. Lynn* and *Robert A. Dwyer* with him on the brief; *William S. O'Connor,* attorney), for appellant.

*Frederick vP. Bryan* of counsel (*Nicholas R. Doman* and *Philip J. Wessel* with him on the brief; *Smith, Sargent, Doman & Grant,* attorneys), for respondent.

*Charles W. Merritt* and *Gerard A. Navagh* of counsel (*Lord, Day & Lord,* attorneys), for New York State Hotel Association, Inc., *amicus curiæ.*

*Per Curiam.* By verdict and judgment which we find to be entirely supportable, defendant has been held liable for the conversion of plaintiff's property. The only question which invites comment is whether defendant is entitled to a limitation of its liability by virtue of section 201 of the General Business Law. We think not.

Section 201 affords an innkeeper a limited liability, under certain circumstances, for the " loss of or damage to " a guest's property. There was no " loss " or " damage " in this case, and no misadventure of the kind which is contemplated by the statute. There was a sale and disposition of plaintiff's property as the voluntary, intentional and deliberate act of defendant as a matter of claimed right under section 207 of the General Business Law. This section of the law prescribes an innkeeper's rights under certain circumstances, in which defendant purported to act, and affords its own defined protection. The issue litigated at the trial was whether defendant was entitled, on the facts disclosed, to the protection of this statute. It has been held, and we affirm, that defendant did not bring itself within the statute and is, therefore, liable in conversion for its unlawful act.

We think there is no room for section 201 of the General Business Law then to come into play. It was not the contemplation of that section of the law to limit an innkeeper's liability for its own misappropriation of a guest's property, albeit without *animus furandi*, and to give the innkeeper a secondary protection of limited liability in those cases in which it has failed in its assertion of right under section 207.

CALLAHAN, J. (dissenting). In July, 1940, plaintiff deposited fifteen pieces of baggage with defendant's hotel. She was about to leave for Europe and made an arrangement with a clerk of defendant to leave the baggage for safekeeping until her return. Plaintiff was not at that time a guest of the hotel, but was waiting for a vacancy, when she intended to move in. She was called to Europe by her mother's illness. The war intervened, and plaintiff was still in Europe in January, 1946, when the hotel sold the baggage as unclaimed. In fact, plaintiff did not return until 1947. The sale was pursuant to the provisions of section 207 *et seq.* of the General Business Law, which permit such action when a guest's property left with the hotel is unclaimed for more than six months.

There was credible evidence, however, by witnesses for plaintiff that they had called at the hotel in November, 1945, and offered to take the baggage out, but had been advised by the same clerk that it would not be necessary to do so, and that the hotel would keep it safe.

In my opinion, defendant's liability was limited, under section 201 of the General Business Law, to $100 for each piece of baggage for which a separate check was issued. The statute reads in part as follows: " No hotel keeper except as provided in the foregoing section shall * * * be liable in any sum exceeding the sum of one hundred dollars for the loss of or damage to any such property when delivered to such keeper for storage or safe keeping in the store room, baggage room or other place elsewhere than in the room or rooms assigned to such guest, unless at the time of delivering the same for storage or safe keeping such value in excess of one hundred dollars shall be stated and a written receipt, stating such value, shall be issued by such keeper, but in no event shall such keeper be liable beyond five hundred dollars, unless it shall appear that such loss occurred through his fault or negligence ".

It is quite clear that the deposit of baggage was made with defendant as a hotelkeeper for the purpose of accommodating a prospective guest, and, therefore, the relationship of innkeeper

arose and controlled the question of liability (*Dilkes* v. *Sheraton,* 282 App. Div. 488; *Fruedenheim* v. *Eppley,* 88 F. 2d 280, 283).

The statutory limitation of liability affecting merely the measure of recovery is applicable, if not otherwise limited, to loss of any kind. It is also said to be an absolute limitation, when value is concealed (*Honig* v. *Riley,* 244 N. Y. 105).

We are now about to hold that the limitation does not apply because the defendant sold the baggage, when unauthorized to do so by the statute (General Business Law, § 207), and that under such circumstances its liability is for the full value.

It is quite clear that the purpose behind section 201 of the General Business Law was to reduce the danger of undisclosed excessive liability without limitation placed upon an innkeeper, who is liable as an insurer. The intent was to require the owner of the baggage to share some of this risk in every case, unless he stated the value of his baggage.

It is true that the statute has been regarded as not making the limitation of liability applicable to cases where there has been a theft by the innkeeper, or where he has willfully misused the property. In so holding, it was said that the statute was aimed at loss or misadventure (*Honig* v. *Riley, supra*). The view is now being applied that there is no loss or misadventure whenever there has been a wrongful sale.

There is as much of a " loss " as when the innkeeper delivered the baggage to a stranger (*Adler* v. *Savoy Plaza,* 279 App. Div. 110); or where there was a theft by an employee of the hotel (*Millhiser* v. *Beau Site Co.,* 251 N. Y. 290). There was no willful misconduct whatever here. There was no more than a misadventure due to lack of actual knowledge by the hotel officer or employee ordering the sale of the alleged offer of the clerk to continue holding the baggage for the plaintiff. There is no claim that these officers had any knowledge except that implied in law as to any such alleged offer of the clerk. Willful misconduct would no more exist under such circumstances than if the sale was permitted to take place without the required notice specified by section 207 *et seq.* of the General Business Law. Conversion as defined by the law of trover would have occurred under such circumstances, but this would afford no basis for holding the limitation of liability inapplicable on the basis of willful misconduct. We are not trying a case of conversion as to which notice and intent are immaterial. We are applying a statute which limits liability in every case, except those of theft or willful misuse, as to which motive and intent have considerable bearing.

I vote to reverse the judgment appealed from and order a new trial, unless plaintiff stipulates to reduce the verdict to $1,500 by reason of limitation of liability in the sum of $100 for each piece of baggage separately checked.

PECK, P. J., BREITEL, BASTOW and BOTEIN, JJ., concur in *Per Curiam* opinion; CALLAHAN, J., dissents and votes to reverse and order a new trial unless plaintiff stipulates to reduce the verdict to $1,500 by reason of limitation of liability in the sum of $100 for each piece of baggage separately checked.

Judgment affirmed, with costs.