Samuel H. Hofstadter, J.
The plaintiffs, husband and wife, recovered below against the defendant, the operator of the Hotel Warwick, in the city of New York, the full value of their luggage and wearing apparel stolen from the husband’s automobile. The plaintiffs were to be married at the Warwick on the day of the theft, the arrangements for the ceremony and the reception to follow at the hotel having been made by the bride’s mother. The husband, accompanied by his brother, arrived at the hotel in his car the morning of his wedding day.
The trial court was justified in finding on disputed evidence that the car was placed in the care of the hotel doorman, with specific instructions to park it in the hotel garage, so that nothing would go wrong; that the doorman undertook to do so, and told the plaintiff husband to leave the keys in the ignition switch. As the husband entered the hotel with his brother, he saw the doorman drive the automobile away. At the time the value of the car and its contents was not stated, nor was a written receipt of any kind issued by the defendant. Later in the day, when the husband came out of the hotel to arrange for the delivery of his car, he found it in the street and discovered that it had been broken into and that all its contents were missing. The doorman admitted that he had not placed the car in a garage, but had parked it across the street from the hotel.
It is undisputed that the plaintiffs did not register as guests of the hotel, that no room was assigned to them, and that the sole purpose of their visit was to participate in the wedding ceremony and reception.
The delivery of the car to the defendant’s doorman to be placed in a garage, in the circumstances stated, constituted a bailment (Galowitz v. Magner, 208 App. Div. 6) and parking the car on the street instead was a violation of the terms of the bailment, which of itself imposed liability on the defendant irrespective of negligence (Mortimer v. Otto, 206 N. Y. 89). Leaving the car containing the plaintiffs’ wardrobe in the street, especially after the explicit instructions that it be placed in a garage, likewise warranted a finding of negligence, because of the defendant’s failure to exercise the care imposed on it by law as a bailee.
The defendant urges, however, that the bailment was an incident of the relation of hotelkeeper and guest between it and the plaintiffs and that, because of this relation, it is entitled to the limitation of liability prescribed by section 201 of the Gen *752 eral Business Law. This section, so far as here material, provides : “No hotel keeper except as provided in the foregoing section shall be liable for damage to or loss of wearing apparel or other personal property in the room or rooms assigned to a guest for any sum exceeding the sum of five hundred dollars, unless it shall appear that such loss occurred through the fault or negligence of such keeper, nor shall he be liable in any sum exceeding the sum of one hundred dollars for the loss of or damage to any such property when delivered to such keeper for storage or safe keeping in the store room, baggage room or other place elsewhere than in the room or rooms assigned to such guest, unless at the time of delivering the same for storage or safe keeping such value in excess of one hundred dollars shall be stated and a written receipt, stating such value, shall be issued by such keeper, but in no event shall such keeper be liable beyond five hundred dollars, unless it shall appear that such loss occurred through his fault or negligence ”.
Though the plaintiffs’ loss is found to have occurred through the defendant’s fault or negligence, the impact of the section must nevertheless be considered, for when, as here, no value is stated at the time of the guest’s delivery of the property to the hotelkeeper, the statutory limitation becomes applicable, notwithstanding the hotelkeeper’s negligence (Honig v. Riley, 244 N. Y. 105; Adler v. Savoy Plaza, 279 App. Div. 110, 115, 117). It, therefore, becomes necessary to determine whether the plaintiffs were guests of the hotel within the purview of section 201.
It is to be noted that section 201 refers at several points to “ the room or rooms assigned ” to the guest. Thus, the assignment of a room to be occupied is stressed as an element of the relation. The court is aware of the cases relied on by the appellant, in which the relation of hotelkeeper and guest has been held to arise before the actual assignment of a room {Adler v. Savoy Plaza, supra) or to carry over the limitation after the g*uest no longer occupies his room (Dilkes v. Hotel Sheraton, 282 App. Div. 488). In those cases, however, the occupancy of a room was either in definite contemplation or had already occurred, so that the acceptance of the plaintiff’s property for safekeeping could fairly be treated as something done in the course of the usual relation between hotel and guest.
This vital element of the relation is totally absent in the case at bar. The plaintiffs did not seek or receive lodging at the defendant’s hotel. As stated, they came solely to attend the marriage function. They did not request that a room be assigned to them and neither they nor the defendant at any time had in mind their occupancy of a room. Their presence in the hotel *753 for a purpose other than that of becoming guests did not make them guests within the language or intent of section 201 of the General Business Law, dealing with the relation of hotelkeeper and guest in its traditional sense. It follows that the defendant is not entitled to the benefit of the limitation of liability and that the plaintiffs were correctly permitted to recover the full value of their property.
The judgment should be affirmed, with $25 costs.
Steubr and Aurelio, JJ., concur.
Judgment affirmed, etc.