**Freddi SALISBURY, Plaintiff,**

**v.**

**ST. REGIS–SHERATON HOTEL CORP., Defendant.**

**No. 79–5698.**

United States District Court,
S. D. New York.

June 4, 1980.

Gandin, Schotsky & Rappaport, P. C., Melville, N. Y., for plaintiff; Michael I. Gandin, Melville, N. Y., of counsel.

Rogers & Wells, New York City, for defendant; Michael Luskin, New York City, of counsel.

LASKER, District Judge.

On the morning of November 22, 1978, Mr. and Mrs. Roger Salisbury concluded a three day stay at the St. Regis-Sheraton Hotel in New York. While Mr. Salisbury paid the bill and surrendered their room key, Mrs. Salisbury checked their luggage with a bellhop in the lobby. The couple was to spend the day in town and return for the luggage that afternoon. Mrs. Salisbury did not inform the hotel, when she checked the luggage, that one of their pieces, a cosmetics case, contained jewelry and cosmetics worth over $60,000., and did not ask that the case be kept in the hotel's safe. Nor did she inform the hotel that the value of the case and its contents exceeded $100.

When the Salisburys returned to the hotel to retrieve their luggage at about 4:30 that afternoon, the cosmetics case containing the jewelry was missing. Mrs. Salisbury sues to recover the value of the case and its contents.

It is undisputed that posted conspicuously in the public areas of the hotel was a notice informing guests that the hotel provided a safe for the safekeeping of their valuables, and notifying them of the provisions of sections 200 and 201 of the New York General Business Law, which provide:

"Whenever the proprietor or manager of any hotel, motel, inn or steamboat shall provide a safe in the office of such hotel, motel or steamboat, or other convenient place for the safe keeping of any money, jewels, ornaments, bank notes, bonds, negotiable securities or precious stones, belonging to the guests of or travelers in such hotel, motel, inn or steamboat, and shall notify the guests or travelers thereof by posting a notice stating the fact that such safe is provided, in which such property may be deposited, in a public and conspicuous place and manner in the office and public rooms, and in the public parlors of such hotel, motel, or inn, or saloon of such steamboat; and if such guest or traveler shall neglect to deliver such property, to the person in charge of such office for deposit in such safe, the proprietor or manager of such hotel, motel, or steamboat shall not be liable for any loss of such property, sustained by such guest or traveler by theft or otherwise; . . . ." (§ 200)

"No hotel or motel keeper except as provided in the foregoing section shall be liable for damage to or loss of wearing apparel or other personal property in the lobby, hallways or in the room or rooms assigned to a guest for any sum exceeding the sum of five hundred dollars, unless it shall appear that such loss occurred through the fault or negligence of such keeper, *nor shall he be liable in any sum exceeding the sum of one hundred dollars for the loss of or damage to any such property when delivered to such keeper for storage or safe keeping in the store room, baggage room or other place elsewhere than in the room or rooms assigned to such guest, unless at the time of delivering the same for storage or safe keeping such value in excess of one hundred dollars shall be stated* and a written receipt, stating such value, shall be issued

by such keeper, but in no event shall such keeper be liable beyond five hundred dollars, unless it shall appear that such loss occurred through his fault or negligence, . . . ." (§ 201) (emphasis supplied)

Relying on these provisions, the hotel moves for summary judgment on the grounds that the undisputed facts establish that its liability cannot exceed $100., and therefore federal subject matter jurisdiction is lacking. Mrs. Salisbury cross-moves for summary judgment, asserting that sections 200 and 201 are inapplicable here because she was no longer a "guest" of the hotel at the time the loss occurred.

The question, then, is whether Mrs. Salisbury ceased to be a "guest" within the meaning of sections 200 and 201 when she checked out of the hotel, even though she arranged to have the hotel hold her luggage for the day. The two cases on which Mrs. Salisbury relies are clearly distinguishable. In one, *Crosby v. Fifth Ave. Hotel Co.*, 173 Misc. 595, 20 N.Y.S.2d 227 (N.Y.C. Mun.Ct. 1939), *modified*, 173 Misc. 604, 17 N.Y.S.2d 498 (App.T. 1st Dept. 1940), a departing guest stored two trunks with the defendant hotel, and returned to reclaim them several years later only to discover that the hotel had sold them. The court concluded that the relationship involved was not that of innkeeper and guest, but rather that of bailee and bailor. Here, however, the lost luggage was not stored with the hotel for a lengthy period, but simply held for the day as an accommodation to departing guests. In the other case relied on by Mrs. Salisbury, *Ticehurst v. Beinbrink*, 72 Misc. 365, 129 N.Y.S. 838 (App.T.1911), the plaintiff arranged to leave his horse at an inn while he continued his journey by train. The court held that the plaintiff, who simply sought to board his horse, was not a "guest,"—"a transient person who resorts to or is received at an inn for the purpose of obtaining the accommodations which it purports to offer." This definition, however, applies quite well to the Salisburys.

■ It is not uncommon for a hotel to hold luggage for a few hours after guests check out as an accommodation to them. This would appear to be one of the services which a hotel performs for its guests in the normal course of its business, and there is no reason why it should be deemed to alter the otherwise existing legal relationship between them. Accordingly, we conclude that sections 200 and 201 are fully applicable in the circumstances of this case, and precludes any recovery against the hotel for the loss of Mrs. Salisbury's jewelry, and limits any recovery for the loss of the case and its other contents to $100. *Adler v. Savoy Plaza, Inc.*, 279 App.Div. 110, 108 N.Y.S.2d 80 (1st Dept.1951).

■ While we thus conclude that the hotel has an absolute defense to Mrs. Salisbury's suit for the value of her jewelry, we note that even if the relationship involved here were deemed a gratuitous bailment, as Mrs. Salisbury contends it should be, the hotel's liability would be limited to the value of articles ordinarily found in a cosmetics case, even if Mrs. Salisbury could establish that the hotel was grossly negligent in caring for her case. *Stephens v. Katz Parking System*, 75 Misc.2d 690, 692, 348 N.Y.S.2d 492, 495 (N.Y.C. Civ.Ct.1973); *Waters v. Beau Site Co.*, 114 Misc. 65, 186 N.Y.Supp. 731 (N.Y.C. Civ.Ct.1920). Even under her own view of the law, Mrs. Salisbury could not recover the value of her lost jewelry.[1]

■ Since the most that could be recovered in this action is $100., it is evident that the amount in controversy does not exceed $10,000., and therefore federal subject matter jurisdiction is lacking. Accordingly, the

---

1. In addition, the hotel asserts in its Rule 9(g) statement that the value of the contents of the case other than jewelry did not exceed $300. This statement is said to be based on a representation made by Mrs. Salisbury's attorney. Mrs. Salisbury does not contend to the contrary, and has not submitted a Rule 9(g) statement of her own. Thus, she may be deemed to have admitted the truth of the assertion, Rule 9(g), General Rules of the United States District Courts for the Southern and Eastern Districts of New York, which further establishes that the amount in controversy here is not sufficient to sustain federal subject matter jurisdiction.

defendant's motion for summary judgment dismissing the complaint is granted, and the plaintiff's cross motion for summary judgment is denied.

It is so ordered.