*503 OPINION OF THE COURT
Meyer, J.
 Section 201 of the General Business Law has no bearing upon an action against a restaurant owner sued for the conversion of a coat checked by a patron. It does limit recovery by a patron who sues for negligence: to the value of the coat if negligence be shown, a fee or charge is exacted for checking the coat, and a value in excess of $75 is declared and a written receipt stating such value is issued when the coat is delivered to the checkroom attendant; to $100 if a value in excess of $75 is declared and the other conditions are met but negligence cannot be shown; to $75 in any event if no fee or charge is exacted or a value in excess of $75 is not declared and a written receipt obtained when the coat is delivered. For the reasons hereafter stated, the order of the Appellate Division affirming judgment of $9,578.75 entered February 7, 1979 for plaintiff after trial by jury must be modified by reducing the amount awarded to $75.
I
Plaintiff’s complaint contained but one cause of action predicated upon the negligence of defendant restaurant owner. Defendant moved for summary judgment limiting plaintiff’s recovery to $75. The affidavits presented by defendant established that neither defendant’s president nor anyone else in his employ could explain the disappearance of the Russian sable fur coat which plaintiff checked with defendant’s checkroom attendant, that no value had been declared by plaintiff nor had any written receipt stating a value been given, acknowledged that no sign had been posted but stated that section 201 of the General Business Law did not require posting by a restaurant, and quoted a portion of plaintiff’s deposition in which she acknowledged that no charge had been made for the checking of the coat. Plaintiff cross-moved for summary judgment. Her affidavit noted the admission of defendant’s president that tipping was discretionary and characterized it as contrary to common knowledge. Attached to it also was the deposition of *504 the coatroom attendant in which she conceded that on the night in question she received $20 to $30 in tips.
Special Term denied both the motion and cross motion. On appeal the Appellate Division modified and remanded for trial as to damages, holding that plaintiff was entitled to judgment on liability but that on the issue of damages there existed questions of fact concerning whether defendant restaurant had “exacted” a fee or charge and whether the loss was the result of theft by defendant, its agent, servants or employees (60 AD2d 550). On remand the Trial Judge, after testimony by defendant’s president that the checkroom attendant received an hourly rate of pay plus a percentage of the tips given her, the owner receiving the balance of the tips, ruled that notwithstanding that there was no sign concerning tips nor other open solicitation of them and that some people received their coats without leaving any tip, the gratuities paid the checkroom attendant constituted, as a matter of law, the exaction of a fee within the meaning of the section. He noted further that the issue of theft by defendant or its employees had become academic, that were that not so he would have directed a verdict for plaintiff on that ground also because defendant had presented no evidence on the question of theft. He submitted to the jury, therefore, only the question of the value of plaintiff’s coat. The jury fixed that value at $7,500 and judgment was entered for that sum plus interest and costs.
On appeal from the judgment entered on the jury’s verdict, the Appellate Division affirmed, without opinion, but granted defendant leave to appeal to our court from the final judgment pursuant to CPLR 5713. In reliance on CPLR 5601 (subd [d]), defendant had previously filed a notice of appeal from the earlier Appellate Division order granting summary judgment to plaintiff and affirming denial of its motion for summary judgment.* For the rea *505 sons stated below we hold that (1) the tip or gratuity customarily given a checkroom attendant is not a “fee or charge * * * exacted” for the checking service within the meaning of section 201 of the General Business Law; (2) restaurants are not required to post the provisions of section 201 in order to be entitled to its limitation of liability; and (3) in granting summary judgment to plaintiff rather than defendant and in affirming the judgment entered February 7, 1979 the Appellate Division erred; its order of affirmance must, therefore, be modified and judgment directed to be entered for plaintiff in the amount of $75 with interest from March 3, 1975.
II
Subdivision 1 of section 201 of the General Business Law provides in relevant part: “[A]s to property deposited by guests or patrons in the parcel or check room of any hotel, motel or restaurant, the delivery of which is evidenced by a check or receipt therefor and for which no fee or charge is exacted, the proprietor shall not be liable beyond seventy-five dollars, unless such value in excess of seventy-five dollars shall be stated upon delivery and a written receipt, stating such value, shall be issued, but he shall in no event be liable beyond one hundred dollars, unless such loss occurs through his fault or negligence.” In a case strikingly similar to the instant case, Honig v Riley (244 NY 105), that language was construed by this court. Plaintiff Honig sought to recover the value of the fur coat she left at the checkroom of defendant’s restaurant on New Year’s Eve 1925. She received a check but was not questioned as to value and made no statement to the attendant concerning value. The Trial Judge charged that plaintiff was entitled to full value of the coat if they found defendant to have been negligent. On appeal by defendant from a judgment of $850 entered on the jury’s verdict and affirmed by the Appellate Term and the Appellate Division, this court reversed and directed reduction of the judgment to $75. *506 In an opinion by Judge Cardozo, we said (244 NY, at pp 108-109):
“The defendant maintains that where property is deposited in a parcel or check room without statement of value or delivery of the prescribed receipt, there is a limit of liability to $75 for loss from any cause. Disclosure of the value, if followed by a receipt, will extend liability for fault or negligence up to the limit of the value stated, though even then the liability, if any, as insurer will be $100 and no more. The plaintiff on her side maintains, and the courts below have held, that the exemption from liability in excess of $75 where the value is not disclosed, is not to be read as a limitation of liability for loss from any cause, but is confined to losses not due to the fault or negligence of the proprietor.
“We think the defendant’s construction is the true one, however clumsy and inartificial may be the phrasing of the statute. A limitation of liability affecting merely the measure of recovery is applicable, if not otherwise restrained, to loss for any cause. * * * From the beginning of the section to the end, the exemption from liability in excess of the prescribed maximum is absolute where value is concealed. Only where value is stated and a receipt delivered is the exemption made dependent upon freedom from negligence or other fault.”
Under that reading of the statute plaintiff’s recovery is limited to $75, no value having been declared or receipt obtained, unless it can be found that a “fee or charge [was] exacted.” The ruling of the lower courts that the acceptance by the checkroom attendant of a gratuity in which the restaurant owner shares constitutes an “exaction”, made not as a finding of fact but as a matter of law was, however, erroneous. Though tips may constitute compensation to an employee for purposes of the Workers’ Compensation Law (Matter of Bryant v Pullman Co., 188 App Div 311, affd 228 NY 579; Matter of Sloate v Rochester Taxicab Co., 177 App Div 57, affd 221 NY 491; see Ann., 75 ALR 1223), of the income tax (Ann., 10 ALE2d 191) and of unemployment compensation taxes (Ann., 83 ALE2d 1024), it does not follow that a tip to an employee may be *507 regarded for all purposes as compensation to the employee (Williams v Terminal Co., 315 US 386, 404, reh den 315 US 830; see People v Vetri, 309 NY 401, 408; Ann., 65 ALR2d 974 [Federal Fair Labor Standards Act and State wage laws]) or as a part of the employer’s income (Ann., 73 ALR3d 1226 [sales tax]). As to the employer the test generally is whether the payment is a “service charge” exacted by the employer or a voluntary payment by the patron to the employee (Beaman v Westward Ho Hotel Co., 89 Ariz 1; see Ann., 73 ALR3d 1226, 1231). So in Beaman the Arizona Supreme Court held a service charge collected by the hotel, where direct tipping of employees was not permitted, to be subject to sales tax. In so doing, it distinguished the customary employee gratuity saying (89 Ariz, at pp 4-5) “A tip is in law, if not always in fact, a voluntary payment” (see, also, Peoria Hotel Co. v Department of Revenue, 87 111 App 3d 176,179). The United States District Court for the Southern District of New York reached a result similar to Beaman in Restaurants & Patisseries Longchamps v Pedrick (52 F Supp 174), but noted (at pp 174-175) that “A patron in a restaurant is under no compulsion to leave a Tip’ ” (see, also, United States v Conforte, 624 F2d 869, 874, cert den 449 US 1012).
The more clearly should such a distinction be made when, as here, we deal with a statute not at all concerned with the compensation of the employee or the taxes payable to the State, but rather with whether the employer in permitting gratuities to be paid to the employee has exacted a fee or charge (see Williams v Terminal Co., supra, at p 404). So a restaurant owner or hotel that imposes a fixed charge for the service of checking a coat and does not leave to the patron the decision whether to give and what amount to give may properly be said to have exacted a service charge or fee (semble Aldrich v Waldorf Astoria Hotel, 74 Misc 2d 413, 414 [35 cents per garment paid; held a “fee or charge”]).
When the service cannot be obtained without the payment of a fixed sum a fee has been exacted, but when, as the papers on the summary judgment motions showed, *508 plaintiff acknowledges that no charge was made and presents no evidence that there was a sign indicating a fixed charge, or of solicitation of any kind, or that the giving and the amount were other than discretionary with the customer, there has, as a matter of law, been no exaction of a fee or charge.
III
Plaintiff argued on the original motions, and the dissenter in this court agrees, that section 201 is not applicable because defendant failed to comply with subdivision 2 of the section. That subdivision requires that “A printed copy of this section shall be posted in a . conspicuous place and manner in the office or public room and in the public parlors of such hotel or motel.” While that provision was not added to the section until 1960 (L 1960, ch 840), section 206 has since 1909 required posting of a printed copy of section 201. Section 206 is by its terms limited, however, to a “hotel or inn” just as subdivision 2 of section 201 is limited to a “hotel or motel.” To read subdivision 2 to require posting by a restaurant because subdivision 1 groups “hotel, motel or restaurant” together is to fly in the face of usual rules of statutory construction that a statute (in this instance, subdivision 2’s posting requirement) is to be read and given effect as it was written, and that the courts under guise of interpretation may not enlarge or change the scope of a legislative enactment (see Matter of Jeter v Ellenville Cent. School Dist., 41 NY2d 283, 286; McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 73, 144, 363). Nor is the dissent’s reliance upon the language of Honig v Riley (supra) a proper basis for concluding otherwise. No issue of posting was presented in that case. Moreover, since section 201 contained no posting requirement when Honig was decided and no mention was made in the opinion of section 206, the phrases from that opinion quoted by the dissent cannot be fairly read as having been written with respect to the point for which those phrases are now cited. If posting by restaurants is to be required as a condition of the limitation of liability granted them by subdivision 1 of section 201, it is the Legislature father than this court that must impose the requirement.
*509 IV
Though neither the posting nor the fee exaction provisions of section 201 limit defendant’s right to the benefits of its provisions, plaintiff, pointing to the statement in Honig v Riley (supra, at p 110), that “The statute is aimed at loss or misadventure. It has no application to theft by the defendant or his agents,” contends she is entitled to affirmance of the judgment because defendant failed to come forward with proof that the coat had not been stolen by its employees. The difficulty with plaintiff’s position is that the complaint declares for negligence only and has never been amended either by motion addressed to Special Term or by a motion to conform pleadings to proof at the end of the trial. Quite simply, plaintiff cannot recover on a conversion theory which she has never pleaded.
Accordingly, the Appellate Division’s order of February 7, 1979 should be modified, with costs to defendant in all courts, by reducing the amount awarded to plaintiff to $75 with interest from March 3, 1975.

 The appeal as of right has become unnecessary in view of the Appellate Division’s grant of leave to appeal from its own order on the second appeal. Such an appeal automatically brings up for review any prior nonfinal order “which necessarily affects the final judgment” (CPLR 5501, subd [a], par 1; see 7 Weinstein-Korn-Miller, NY Civ Prac, par 5501.01). Because the prior order *505 in the instant case granted summary judgment to plaintiff it necessarily affects the final judgment (7 Weinstein-Korn-Miller, op. cit., par 5501.05; Cohen and Karger, Powers of the New York Court of Appeals, § 79, p 341).