OPINION OF THE COURT
Sherwood L. Bestry, J.
Plaintiff attended, for a fee, a dental seminar at the Marriott Hotel. The seminar sponsor rented a banquet room, furnished with seats, from the defendant.
*181 At request of the sponsor, defendant furnished a movable coat rack, placing it outside the room, in the public lobby.
Plaintiff placed his coat on the rack before entering the seminar. At the noon recess, plaintiff exited the seminar room, but found that the rack had been moved a distance down the lobby and around a corner, near an exit.
Unfortunately, his cashmere coat was missing. He then commenced this action in the Small Claims Part of this court.
Under the common law an innkeeper-hotelkeeper was an insurer of property, infra hospitium, of his guests, and liable for the loss thereof or damage thereto unless the loss was caused by negligence of the guest, act of God, or the public enemy (see, Purvis v Coleman, 21 NY 111; Millhiser v Beau Site Co., 251 NY 290; Lader v Warsher, 165 Misc 559).
By statute, such liability has been limited (see, General Business Law §§ 200, 201, 206).
The relationship of guest on the part of plaintiff, and that of hotelkeeper on the part of defendant, vis-á-vis each other never arose. The occupancy by plaintiff of a private room was never contemplated by the parties.
Plaintiff was a patron of the seminar sponsor, who rented facilities from the defendant. The status of plaintiff was like that of a wedding guest of individuals who rent banquet facilities from a hotel (see, Ross v Kirkeby Hotels, 8 Misc 2d 750). Furthermore, plaintiff was not a patron of defendant; he was not a customer of any of its services.
Therefore, General Business Law § 201 is in no way applicable to the facts presented here.
The relationship of bailor and bailee never came into existence because plaintiff did not entrust his coat to defendant. Not only was there never a delivery to defendant, but defendant never was in actual nor constructive custody of plaintiff’s coat (Wentworth v Riggs, 159 App Div 899, reversing on dissenting opn 79 Misc 400).
The sole question remaining is whether defendant owed a duty to plaintiff to provide a guard for the coat rack. Defendant placed the rack in a position near the door to the seminar room, at the request of the seminar sponsor. This created not only an opportunity but an implied invitation on the part of the sponsor, to patrons of the seminar to use the rack.
However, there was no evidence to indicate that users of the *182 rack were led to believe either by the sponsor or by the defendant that there would be a guard for the rack. Under the circumstances presented, it was clear that there was merely a rack available for those who wished to use it. The defendant did not lull plaintiff into a sense of security, by which there was created a duty to provide a guard.
There being no duty on the part of the defendant, there can be found no breach of duty upon which to underpin a finding of negligence.
Furthermore, a reasonable man would have wondered about the safety of his coat which he hung on a rack in a public lobby of a hotel, without ascertaining if there were a guard.
The claim must be dismissed.