■ LEVI BLEAM, Respondent, v MARRIOTT CORPORATION, Appellant. [655 NYS2d 566] —In an action to recover damages for the loss of personal property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court,

Nassau County (Levitt, J.), dated February 28, 1996, as denied that branch of its motion for summary judgment which was to dismiss the complaint insofar as it sought to recover damages in excess of the statutory limitation of liability provided pursuant to General Business Law §§ 200 and 201.

Ordered that the order is reversed, insofar as appealed from, on the law, with costs, the branch of the defendant's motion which was to dismiss so much of the complaint as sought to recover damages in excess of the statutory limitation of liability provided pursuant to General Business Law §§ 200 and 201 is granted.

While attending a baseball card show at the Nassau Coliseum on August 4, 1990, the plaintiff, who was in the business of buying and selling baseball cards, left five briefcases full of valuable baseball cards, along with several thousand dollars in cash, checks, and credit card receipts at a hotel owned by the defendant Marriott Corporation. When he returned from dinner he found that all of this property had been stolen.

Summary judgment should have been granted to the defendant. Because it is undisputed that the plaintiff did not declare to any agent or employee of the defendant the value of the merchandise that he was keeping in his room, the defendant's liability is limited to $500 under General Business Law § 201 (see, e.g., Honig v Riley, 244 NY 105; Adler v Savoy Plaza, 279 App Div 110). In addition, as the plaintiff admittedly failed to use the safe deposit boxes supplied by the defendant for his checks and credit card receipts, he may not recover for their loss under the provisions of General Business Law § 200 (see, e.g., Moog v Hilton Hotels Corp., 882 F Supp 1392, 1396; cf., Zaldin v Concord Hotel, 48 NY2d 107).

Moreover, the record, which includes photographs, establishes that the defendant conspicuously posted the text of General Business Law §§ 200, 201, and 206 above the hotel registration desk in the main lobby, in full view of all those checking in, on the door to the bellman's room where guests could store large items of luggage, and on the bathroom door of each guest room (cf., Moog v Hilton Hotels Corp., supra; Depaemelaere v Davis, 77 Misc 2d 1, affd 79 Misc 2d 800). The defendant was therefore in compliance with the posting requirements of General Business Law §§ 200 and 206, triggering the statutory limitations on its liability. The plaintiff's mere allegation that he did "not recall seeing" these notices was not sufficient to raise an issue of fact requiring trial. Nor is the defendant's limited liability defeated by the plaintiff's claim of complicity, or the gross negligence of one of its employees (see, Honig v Riley,

*supra,* at 110; *Adler v Savoy Plaza, supra; see also, Goncalves v Regent Intl. Hotels,* 58 NY2d 206, 215). Copertino, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.